Re Archinard.

## IN RE THE APPLICATION OF JOSEPH ARCHINARD for a Writ of Habeas Corpus Directed to His Wife, Marcel Celina, for the Possession of His Two Children, Marcel and Paul Archinard.

1. The United States district court for Porto Rico has no jurisdiction over a habeas corpus proceeding to recover the custody of children.
2. Such a proceeding is not a controversy within the meaning of the laws defining the jurisdiction of this court.
3. Such a proceeding, removed from the insular district court, will, on motion, be remanded to that court.

Opinion filed May 21, 1908.

*Mr. T. Soto,* attorney for petitioner.

*Mr. Harry P. Leake,* attorney for respondent.

RODEY, Judge, delivered the following opinion:

Joseph Archinard and his wife, Marcel Celina Archinard, are citizens of, and are domiciled in, the Republic of France, and are both only temporarily in the island of Porto Rico. The parties, while still residing in France, became estranged. She came here several months since, bringing her two minor children with her. The father and husband recently followed her, and, after taking other steps in the lower courts, finally,

Re Archinard.

because of the absence of the local insular district judge at Ponce, applied to an associate justice of the supreme court of the island for a writ of habeas corpus to get possession of his children, who were alleged to be in the custody of his said wife. The associate justice to whom the application was made ordered the insular district judge of Mayaguez to issue the writ. The wife, before the time had elapsed for her to answer the writ, appeared in that court by counsel, and, on tendering a proper petition in that behalf and a bond in the premises, requested and obtained an order removing the cause to this court.

The petitioner thereupon by counsel at once moved in this court to have the cause remanded for lack of jurisdiction, for the reasons that a court such as this is has no jurisdiction in or about the settling of the right to the possession of children between parents or others, and because the proceeding is not a suit between parties in the sense contemplated by any law of the United States giving this court jurisdiction, and, further, because no money value amounting to a thousand dollars, exclusive of interest or costs, is involved in the proceeding.

Before proceeding further with the cause, a hearing was had, when arguments were made by counsel for the respective parties on the issues as to our jurisdiction thus raised.

We took the matter under advisement over the evening adjournment, during which time we examined many adjudicated cases, particularly Kurtz v. Moffitt, 115 U. S. 487, 29 L. ed. 458, 6 Sup. Ct. Rep. 148; Re Burrus, 136 U. S. 586, 34 L. ed. 500, 10 Sup. Ct. Rep. 850, and its note in Re Barry; Simms v. Simms, 175 U. S. 162, 44 L. ed. 115, 20 Sup. Ct. Rep. 58; Ex parte Baez, 177 U. S. 378, 44 L. ed. 813, 20 Sup. Ct. Rep. 673; Carfer v. Caldwell, 200 U. S. 293, 50 L. ed. 488, 26

Re Archinard.

Sup. Ct. Rep. 264; New York Foundling Hospital v. Gatti, 203 U. S. 429, 51 L. ed. 254, 27 Sup. Ct. Rep. 53; and Urquhart v. Brown, 205 U. S. 179, 51 L. ed. 760, 27 Sup. Ct. Rep. 459; and we are constrained to agree with the contention of counsel for the petitioner that this court is entirely without jurisdiction on all of the grounds urged by him. The case of Re Burrus, with its note, which latter is the opinion of Betts, J., in the circuit court of the United States for the southern district of New York, taken as a whole, is, in and of itself, an elaborate treatise on the questions that are here before us, and a reading of it leaves no doubt in our mind that, notwithstanding the language used in the Simms Case, supra, and other cases, and notwithstanding § 3 of the act of Congress of March 2, 1901 (31 Stat. at L. 953, chap. 812), enlarging the jurisdiction of this court, and notwithstanding the language used in the case of Garrozi v. Dastas, 204 U. S. 72, 51 L. ed. 376, 27 Sup. Ct. Rep. 224, and Garzot v. Rios de Rubio, 209 U. S. 283, 52 L. ed. 794, 28 Sup. Ct. Rep. 548, that still it cannot be contended that the jurisdiction of this court is broad enough to include the proceeding now before us. All of these cases and others settle it as the law, that the district and circuit courts of the United States have no jurisdiction over matters regarding the custody of children between their parents, even though such parents are foreigners, as is the case here, and we cannot see that this court is in any better position. As in probate matters, so in matters involving questions of *parens patriæ*, state courts alone, and, of course, the insular courts here, have exclusive jurisdiction, even if, as to other matters, the removal of a proceeding under a writ of habeas corpus could be requested to this court because of the diverse citizenship of the parties, which we deny.

Re Archinard.

The proceeding will therefore be remanded to the insular court, and it is so ordered.