[No. 742.]

## Ex Parte THOMAS RYAN.

HABEAS CORPUS—TERM OF COURT.—Whether in proceedings by *habeas corpus* this Court could declare the conviction of petitioner void, for the reason that he was tried and found guilty at a term of court not authorized by statute, referred to but not decided.

VALIDITY OF CONVICTION, WHEN IMMATERIAL.—Where it appears that petitioner is legally held by the warden of the State prison, under three valid convictions, the legality or illegality of another conviction is immaterial, and need not be considered until his terms of service under the valid convictions have expired.

PRISONER—WHEN MAY BE TRIED FOR OFFENSES.—A prisoner confined in the State prison may, under the provisions of the act of March 1, 1866 (Stat. 1866, 166), be lawfully tried for an offense during his term of imprisonment for another offense.

TIME OF SENTENCE, WHEN CERTAIN.—As the time of the expiration of petitioner's first sentence was certain: *Held,* that the subsequent sentences to commence at the expiration of any and all terms of imprisonment he was then undergoing in the State prison, were equally certain.

Habeas Corpus before the Supreme Court.

The facts are stated in the opinion.

*Robert M. Clarke,* for Petitioner.

I. The judgment of July 15, 1871, having been pronounced and entered out of term, is void. (*State* v. *Roberts,* 8 Nev. 239; *Ex parte Roberts,* 9 Nev. 44; *Garlick* v. *Dunn,* 42 Ala. 404; *Brumley* v. *State,* 20 Ark. 77; *Golusha* v. *Butler,* 2 Scam. 227; *Ex parte Osborn,* 24 Ark. 479.)

II. A void judgment has no binding force, and is an absolute nullity. (Freeman on Judgments, Sec. 117; *Ex parte Roberts,* 9 Nev. 44; *Wightman* v. *Karsner,* 20 Ala. 446; *Elliot et al.* v. *Pensol,* 1 Peters, 341; *Ex parte Osborn,* 24 Ark. 479.)

III. The judgment of July 15, 1871, being a nullity, all subsequent judgments which are dependent upon it, and are to go into effect after it expires, are void for uncertainty.

*J. R. Kittrell, Attorney-General,* for the State.


By the Court, Beatty, J.:

The petitioner, Thomas Ryan, seeks, by means of the writ of *habeas corpus,* to be discharged from the custody of the warden of the State prison. He alleges that his imprisonment is illegal because he is held under a conviction of the crime of burglary, obtained at the June term of the Washoe district court, for the year 1871, which, in the case of Roberts, was held by this Court to have lapsed by reason of the failure of the district judge to appear and open the term at the time prescribed by law. (See *State* v. *Roberts,* 8 Nevada, 239.) In that case the defendant appealed from the judgment, and the facts were presented upon a bill of exceptions. Whether in this collateral proceeding by *habeas corpus* we can declare the conviction of Ryan invalid for the same reasons that were held sufficient to reverse the judg-

ment on the appeal of Roberts, is a question upon which the members of the Court are divided in opinion, and since we are satisfied that the petitioner may be lawfully held by the warden under other convictions set forth in his return to the writ for a term exceeding by several years our respective terms of office, we have concluded to leave the question of the validity of this particular conviction as *res integra* to our successors.

It appears from the warden's return that the petitioner was first sentenced to a term of four years' imprisonment on the 7th of August, 1869, upon a conviction for burglary. During this term of imprisonment he escaped from the penitentiary and committed another burglary. Of this he was convicted July 15, 1871, and he was sentenced thereupon to a term of nine years' imprisonment. This is the conviction alleged to be invalid, and as to which we abstain from expressing any opinion. He was subsequently, September 5, 1871, sentenced to be imprisoned for three years on a conviction for prison-breaking, and, having again escaped from prison, he was convicted a second time of prison-breaking, and sentenced to nine years' imprisonment for that. All these subsequent convictions took place before the expiration of the first term of imprisonment under the sentence of August 7, 1869, and the various terms of imprisonment imposed were made to commence at the expiration of any and all terms of imprisonment he was then undergoing in the State prison. It will be seen, therefore, that, admitting for the sake of the argument the invalidity of the conviction of July, 1871, the petitioner may still be held for a term of sixteen years from August, 1869, less such credits as may be allowed him under the statute for his good conduct. At the expiration of that time he will be in a position to require a decision of the point here waived.

It was urged by counsel for petitioner on the hearing, that a man cannot lawfully be tried for one offense during his term of imprisonment for another; and that a sentence made by its terms to take effect upon the expiration of another sentence pronounced before conviction of the second

offense is void. But these points were abandoned upon his attention being called to the statute. (Stats. 1866, pp. 166–7.) He, however, insisted that all the sentences above enumerated subsequent to the first, the term of which has expired, were void on account of the uncertainty of the times at which they would commence to run. But we think they are sufficiently certain. That is certain which can be made certain. The expiration of the first term is always certain. That makes the beginning, and consequently the end, of the second term equally certain, and so *ad infinitum*.

The prisoner is remanded.