[No. 4616.   Decided April 9, 1903.]

WILLIAM CLIFFORD, *Appellant,* v. F. A. DRYDEN, *Superintendent of the Washington State Penitentiary, Respondent.*

CRIMINAL LAW — TRIAL OF CONVICT UNDER SENTENCE UPON ANOTHER CHARGE.

The superior court of a county has jurisdiction to remove from the penitentiary a convict under sentence, for the purpose of trying him upon another charge and of re-sentencing him, in case of conviction, to a term beginning at the 'expiration of the current term which he is serving.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge.   Affirmed.

*John H. Pedigo,* for appellant.

*Lester S. Wilson,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—On the 10th day of January, 1903, William Clifford petitioned the superior court of Walla Walla county for a writ of habeas corpus, alleging that he was illegally restrained of his liberty by F. A. Dryden, superintendent of the penitentiary of the state of Washington at Walla Walla.   On the same day the said superior court issued a writ of habeas corpus directing and commanding the said superintendent to bring the body of said Clifford before said court on said day and show cause why said Clifford should not be discharged.   In obedience to said writ said superintendent produced in court the body of the said Clifford, and in his return set out fully his authority for detaining said Clifford.   At the hearing the following stipulation was entered into by the parties:

35-31 WASH.

"It is hereby stipulated and agreed by and between the respective parties hereto that the following are the facts in this case: That the petitioner William Clifford was, on the 29th day of May, 1900, in the superior court of the state of Washington in and for the county of Whitman, in case No. 7,671, informed against, tried, convicted and sentenced to the penitentiary of said state for a period of three years, and, in pursuance of said judgment and sentence, the said Clifford was duly delivered to the proper officer of said penitentiary and confined therein until on or about the 8th day of April, 1901; and on the 6th day of April, 1901, the superior court of Whitman county, said state, made and entered an order directing the sheriff of said Whitman county to proceed to said penitentiary and there apprehend the said William Clifford, convict No. 2,208, and convey him to the county jail of said Whitman county, and the said court further ordered the warden of said penitentiary to deliver said William Clifford into the custody of said sheriff; that, in pursuance of said last mentioned order, the said sheriff, on the said 8th day of April, 1901, delivered to said warden a copy of said last mentioned order, and thereupon demanded said warden to deliver the custody of said William Clifford; that said warden thereupon delivered said William Clifford to said sheriff under protest; that said sheriff there and then compelled said Clifford to accompany him to said Whitman county; that thereafter said Clifford was confined in said jail of Whitman county until the 13th day of June, 1901; that on said 13th day of June, 1901, said William Clifford was informed against, tried, convicted and sentenced by the superior court of said Whitman county, in case No. 7,944, to the said penitentiary for a term of one year, to commence upon the expiration of the sentence in case No. 7,671; that said sentence in case No. 7,671 fully expired on the 19th day of August, 1902; that the alleged crime for which said William Clifford was tried, convicted and sentenced on the 13th day of June, 1901, in case No. 7,944, was alleged to have been committed prior to his first sen-

tence in case No. 7,671, towit, prior to the 29th day of May, 1900.

"The only question to be determined by the court in this case is: Did the superior court of the county of Whitman have jurisdiction and power to remove from the penitentiary this convict, and to hear, try, and determine case No. 7,944 against him, and re-sentence him to a term of one year in the penitentiary, said term to begin at the expiration of the three year term in case No. 7,671."

It is the contention of the appellant that the superior court of Whitman county did not have authority to make the order requiring the sheriff to proceed to the penitentiary and apprehend him while in the custody of the warden; that, said order being void, no jurisdiction was ever acquired by the court to try the cause, and that, therefore, the judgment of June 13, 1901, is also void. No authorities are submitted by the appellant, but the sole argument is that the defendant could not have a fair trial by reason of the fact that the jury, knowing him to be a convict, would be prejudiced against him to such an extent that it could not do him justice. There is nothing in the record to indicate that there was anything in the appearance of the appellant at the trial which would suggest to the jury the fact that he was a convict. But, even if there were, that would simply be both the fault and the misfortune of the defendant, and should not be allowed to interfere with the regular and orderly administration of justice. The presumption must be that he was rightfully convicted in the preceding case; therefore the position in which he finds himself before the jury is a position necessitated by his own wrong, and he cannot plead it for the purpose of postponing or even defeating a legitimate prosecution. It might very reasonably happen, considering the difficulty of preserving and perpetuating testimony, that, if the second

trial were postponed until after a lengthy sentence had been served, it would result in a failure of justice. In this case, it is true, the sentence was a short one, but the principle contended for will apply as if the sentence were a long one.

The respondent has filed a supplemental record tending to show that the appellant had in the prior action demanded that he receive his sentence and be taken to the penitentiary before he was tried upon the second information. The appellant moves the court to strike this supplemental record, for the reason that it conflicts with the stipulation upon which the cause was tried. It seems to us that it in no way conflicts with the stipulation; but, even if it were not admissible as testimony, it presents a pertinent supposititious case of the undue advantage which could be taken of the law by a defendant under like circumstances, if his contention were sustained, and furnishes a potent argument against such a construction of the law. Criminal prosecutions in this state are statutory. The law provides generally for the trial and punishment of its violator, and, unless such violator is excepted from such general provisions, even though he may be an inmate of a penitentiary, he has no just cause for complaint. In *State v. Connell,* 49 Mo. 282, the same contention was made by the defendant as is made by the appellant in this case, as is shown by the following excerpt from the argument of defendant's counsel in that case:

"There was no authority in law for taking him out of the custody of the warden for a moment, except to testify as a witness in certain cases, or for the purpose of inquiring into the legality of his confinement. And he certainly did not appear voluntarily. The circuit court under the law could acquire no jurisdiction over the person of the defendant, and as a matter of fact never did acquire any.

Admitting that he might be lawfully tried, the second sentence could take effect only at the expiration of the first, or when he was pardoned by the executive. The judgment of the circuit court of Boone county, as commuted or changed by the order of the governor, requires the defendant to remain in the custody of the warden for life. This judgment and the executive order are still in force. Can another court of no higher jurisdiction direct its sheriff to take him out of the custody of the warden, where under the law he rightly belongs? Can the warden, under the law and under the order of the governor, surrender him to the sheriff for any such purpose? We submit that, in the absence of any statute authorizing it, it cannot be done."

But it was held in that case that the court had jurisdiction to make the order to try the cause during the term of imprisonment. To the same effect are *People v. Majors,* 65 Cal. 138 (3 Pac. 597, 52 Am. Rep. 295); and *People v. Flynn,* 7 Utah, 378 (26 Pac. 1114).

The judgment is affirmed.

FULLERTON, C. J., and HADLEY, MOUNT and ANDERS, JJ., concur.