## CARFER, SHERIFF, *v.* CALDWELL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF WEST VIRGINIA.

No. 360. Submitted January 8, 1906.—Decided January 22, 1906.

As the jurisdiction of courts of the United States to issue writs of *habeas corpus* is limited to cases of persons alleged to be restrained of their lib- erty in violation of the Constitution or of some law or treaty of the United States, and cases arising under the law of nations, a Circuit Court can- not issue the writ to release a citizen from imprisonment by another citizen of the State merely because the imprisonment is illegal.

The objection of a person committed for contempt, for refusing to appear be- fore a legislative committee, that the subject which it had been appointed to investigate was not within the jurisdiction of the legislature, under a provision in the state constitution, that neither the legislative, executive nor judicial departments should exercise powers belonging to either of the others, does not present any question under the due process clause of the Fourteenth Amendment.

THE facts are stated in the opinion.

*Mr. Lawrence Maxwell, Jr.,* and *Mr. William E. Chilton,* for appellant:

Federal courts have no authority to discharge a person held for contempt by a committee of the legislature of a State, acting in pursuance of a law of the State and a resolution passed by a branch of the legislature, on the ground that such law and resolution are repugnant to the constitution of the State. *In re Burrus,* 136 U. S. 586, 591; *Andrews* v. *Swartz,* 156 U. S. 272; *Storti* v. *Massachusetts,* 183 U. S. 138.

The committee was acting under a resolution duly passed by the House of Delegates, and in pursuance of a law of the State, giving power to committees of either house, authorized to sit during recess, to enforce obedience to summonses issued by them; and if they did not have the power which they assumed to exercise, it was because the resolution or law or both were repugnant to the constitution of the State, and not because they were in conflict with the Constitution or any law or treaty of the United States. *Dreyer* v. *Illinois,* 187 U. S. 71, 83; *Reetz* v. *Michigan,* 188 U. S. 505; *Kilbourn* v. *Thompson,* 103 U. S. 168.

The Circuit Court held that the chairman of the committee in issuing an order for Caldwell's arrest was a mere usurper, without any authority in law, but the court reached that conclusion only upon an examination of the constitution of West Virginia. There is nothing in the Constitution of the United States on the subject.

As to the power of a legislative committee to summon witnesses see *McDonald* v. *Keeler,* 99 N. Y. 463, 487.

*Mr. Charles T. Caldwell in propria persona,* with whom *Mr. J. G. McClure* and *Mr. Reese Blizzard* were on the brief for appellee:

The state constitution contains a clause identical with the due process clause of the Fourteenth Amendment.

Due process of law undoubtedly means in the due course of legal proceeding according to those rules and forms which have been established for the protection of private rights. Cooley's Const. Lim., 6th ed., 433; *Pearson* v. *Yendall*, 95 U. S. 436; *Portlan* v. *Banzer*, 65 Maine, 120; *State* v. *Sponangle,* 45 W. Va. 424

In cases where the right of appeal seems inadequate by reason of its delay, the court may hold the person entitled to the writ as a means of speedy determination of the question. *Ex parte Keiffer*, 40 Fed. Rep. 399.

In general the writ may be issued by Federal courts in every case where a party is restrained of his liberty without "due process of. law" in the territorial jurisdiction of such court. *Ex parte Farley*, 40 Fed. Rep. 66; *Cunningham* v. *Nagle*, 135 U. S. 1, and authorities cited; *New York* v. *Eno*, 155 U. S. 88; *In re Huse*, 79 Fed. Rep. 305.

The legislature had no power to appoint the committee under the constitution of the State, and the legislature having adjourned *sine die* the committee of one of its branches could not exist after the adjournment.

Legislative powers are not absolute and despotic, and the Fourteenth Amendment prescribing due process of law is not too vague and indefinite to operate as a practical restraint. *Hurtado* v. *California*, 110 U. S. 516, 536.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an appeal from a final order of the Circuit Court in *habeas corpus*, discharging Charles T. Caldwell, a citizen of West Virginia, from custody, taken on the ground that the Circuit Court was without jurisdiction as a court of the United States to issue the writ or discharge the petitioner, the question of jurisdiction being certified. The case was heard on the petition, the return, and the exhibits attached. It appeared therefrom, in brief, that at a regular biennial session

of the legislature of West Virginia, the House of Delegates passed a resolution instructing the Speaker of the House to appoint a committee of three members "to investigate fully and thoroughly" certain charges and matters set forth therein. The committee was instructed by the resolution to meet as soon as practicable and select one of its members chairman; was given leave to sit after the adjournment of the session; and was empowered "to compel the attendance of witnesses and to send for persons and papers, to appoint a sergeant at arms, necessary stenographers and clerks, and to employ such counsel as may be necessary to conduct said investigation."

The committee organized and summoned Charles T. Caldwell to appear before it "to testify and the truth to speak of and concerning the matters and things in said resolution to be inquired of." He refused to appear and was taken into custody by W. II. Carfer, sheriff of Wood County, West Virginia, in pursuance of an order of attachment issued by the committee to bring him before it to answer for his contempt for failing to attend and testify. This writ was issued and Caldwell was discharged. 138 Fed. Rep. 487.

The jurisdiction of courts of the United States to issue writs of *habeas corpus* is limited to cases of persons alleged to be restrained of their liberty in violation of the Constitution or of some law or treaty of the United States, and cases arising under the law of nations. *In re Burrus*, 136 U. S. 586, 591; *Andrews* v. *Swartz*, 156 U. S. 272, 275; *Storti* v. *Massachusetts*, 183 U. S. 138, 142.

And it did not appear in this case that petitioner was restrained in violation of the Constitution or any law or treaty of the United States.

The Circuit Court held that the House of Delegates had no power under the constitution of West Virginia to appoint a committee for the purpose of investigating the matter set forth in the resolution and to clothe it with power to sit and compel the attendance of witnesses in vacation, but took jurisdiction, nevertheless, on the ground that the condition was

so "extraordinary" as to "warrant the intervention of the first court, state or Federal, applied to." This view ignored the settled law that a Circuit Court of the United States has no jurisdiction to issue the writ to release a citizen from imprisonment by another citizen of the same State merely because the imprisonment is wrongful. The committee was acting under a resolution of the House of Delegates, and in pursuance of a law of the State, giving power to committees of either house, authorized to sit during recess, to enforce obedience to summonses issued by them; and if they did not have the power they assumed to exercise, it was because the resolution or law, or both, was, or were, repugnant to the state constitution, and the courts of the State are the appropriate tribunals for the vindication of the state constitution and laws.

The Circuit Court was of opinion that the subject which the committee was appointed to investigate was not within the jurisdiction of the legislature, as defined by article 5 of the constitution of West Virginia, declaring that "the legislative, executive, and judicial departments shall be separate and distinct, so that neither shall exercise the powers properly belonging to either of the others." But that objection does not "present any question under the due process of law clause of the Fourteenth Amendment." *Dreyer* v. *Illinois,* 187 U. S. 71, 83; *Reetz* v. *Michigan,* 188 U. S. 505.

Viewed in any aspect, we perceive no ground on which Caldwell's case can be considered as arising under the Constitution and laws of the United States.

*Final order reversed and cause remanded with a direction to quash the writ and dismiss the petition.*