## Henry Brown v. The State.

### No. 3113.    Decided May 23, 1906.

**1.—Murder in First Degree—Conviction of Convict.**

There is no provision of law that would prevent the trial and conviction of a convict for homicide or for any other offense, committed while he was detained as a prisoner, by virtue of his prior conviction.

**2.—Same—Sufficiency of Evidence—Self-Defense.**

Upon a trial for murder the evidence showed that defendant and deceased had a scuffle which seemed not to have been of a serious nature and they were separated, when defendant cursed deceased and said he would kill him; and some half hour afterwards while the deceased was on his all fours adjusting some cross ties, defendant approached him from behind and struck him on the neck with the edge of his shovel, and deceased fell over, defendant striking him a

time or two afterwards and killed him; defendant claiming self-defense. Held that a conviction of murder in the first degree was sustained.

Appeal from the District Court of Medina. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of murder in the first degree; penalty, death.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was awarded the death penalty for murder. He raises but two questions; first, that the evidence is not sufficient to show a killing upon express malice; and second, that as he was serving out two sentences for murder, one for life and the other for 99 years, he could not be legally tried for the murder charged in the indictment. We hardly think that the second question can be seriously argued. We have not been cited to any authorities nor are we aware of any provision of law, statutory or otherwise, that would prevent the trial and conviction of a convict for homicide, or for any other offense, committed while he was detained as a prisoner by virtue of his prior conviction. It would take very strong reason or authority, or an express statute to show that the person confined in the penitentiary could not be tried and punished for the homicide of one of his fellow convicts.

Nor do we believe the other contention to wit: the insufficiency of the testimony, is well taken. The evidence for the State shows that deceased (Taylor) and appellant were convicts and employed on a railroad in Medina County. On the morning of July 25th, deceased and appellant were working close to each other, and deceased threw a shovelful of gravel on the part of the roadbed where appellant was working. Appellant told him not to repeat the throwing of the gravel. Taylor threw another shovelful to the same place, and appellant struck him with his shovel. This shovel is described as having a steel blade, some ten inches wide, slightly cupped and rounded at the point, and somewhat longer than wide, with a handle about three feet long: the whole weighing from four to eight pounds. The witnesses differ as to the weight, one puts it at four to five pounds, and the other six to eight. A scuffle ensued between the parties, which seems to have been not of a serious nature, and they were separated. Appellant cursed Taylor, and remarked to him in a loud voice, "I will kill you, Taylor, I will kill you sure." Some half hour afterwards, while deceased was on his all fours, adjusting some work about the cross-ties, appellant approached him from behind and struck him on the neck with the edge of his shovel. Deceased fell over. Appellant struck him a time or two afterwards. When the parties reached Taylor, he was found to be dead. Without going into further details of the

testimony for the State, we think this evidence was sufficient to justify the verdict of the jury in assessing the extreme penalty of the law. Appellant makes out a case rather of self-defense. He says he was a convict working on the railroad, and Mr. Burnett and Mr. Wallace (two witnesses for the State) were there; that he had trouble with deceased that morning; that deceased had chased him around, striking at him with a shovel. He then states, "Just before I killed him we were standing together unloading gravel from a car. He raised his shovel, and remarked, 'I will get you, you * * *' Then I raised my shovel, and struck and killed him." He states that deceased was a larger man than he. Under appellant's testimony it would be practically a case of self-defense. Under the State's testimony, the jury was warranted in finding him guilty of murder in the first degree.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, judge, absent.