CASE 17.—PROSECUTION AGAINST BEN. HUFFAKER FOR MURDER.—December 14.

# Huffaker v. Commonwealth

Appeal from Lyon Circuit Court.

THOMAS P. COOK, Circuit Judge.

Defendant convicted and appeals.    Affirmed.

1.  Criminal Law—Evidence—Hearsay—Affidavit for Continuance. —An affidavit for a continuance of a prosecution for murder of a fellow convict, on the ground of absence of a witness, alleged that, if such witness were present, he would testify that he was guard in charge; that deceased had been reported to him for threatening, and declaring his purpose to assault, defendant; that defendant had so reported, and that witness had forbidden deceased from threatening to assault defendant, etc.  Held, that such affidavit was properly excluded from evidence, the statements which it alleged the witnesses would make being merely hearsay.

2.  Same—Offenses by Convict—Punishment.—The fact that one convicted of murder is serving a sentence of life imprisonment does not prevent his being tried and sentenced to be hung for the murder of a fellow convict.

3.  Same—The fact that appellant was serving a sentence in the Branch Penitentiary at Eddyville, for an offense committed in Pulaski county, did not deprive the Lyon Circuit Court, the county in which Eddyville is situated, of jurisdiction to try him for the killing of a fellow convict.

N. W. UTLEY, Attorney for Appellant.

As appointed counsel to defend a convict in the Eddyville Penitentiary, under sentence for life, charged with the murder of a fellow convict in the penitentiary, I submit:

1.  That the appellant being in the penitentiary under a life sentence from another court, to execute the death penalty on him for this offense committed in the penitentiary would be to

annul the judgment of· another court which cannot be done.

2.  The defendant was sent to the penitentiary for life from Pulaski county, and the Lyon Circuit Court had no jurisdiction either of his person or of the offence.

3.  He was never legally before the Lyon Circuit Court. He was in the penitentiary and in the custody of its warden, but never was in the custody of the trial court except when brought there by the prison officials—never by any process of any court.

N. B. HAYS Attorney General and C. H. MORRIS for the Commonwealth.

A person may be tried for murder though he is at the time under sentence of life imprisonment for another offense. (People v. Majors, 65, Cal., 183; Kennedy v. Howard, 74 Ind., 87; Ex Parte Ryon, 10 Nevada, 261; People v, Flynn, 7 Utah, 378; Roffin v. Commonwealth, 21 Grat. (Va.) 790; Brown v. State, . (Texas) 95, S. W., 1039.)

OPINION BY JUDGE BARKER—Affirming.

The appellant, Ben Huffaker, was serving a life sentence in the penitentiary at Eddyville, Ky., for the crime of murder, committed in Pulaski county. On the 2d day of May, 1905, with a knife he stabbed a fellow convict, B. Sherley, to death. For this offense he was indicted by the grand jury of Lyon county, and afterwards tried and convicted of the crime of willful murder, the penalty of death being inflicted by the verdict of the jury. From the judgment based upon this verdict, he is here on appeal.

It is not disputed that the evidence adduced upon the trial overwhelmingly established the appellant's guilt of the offense with which he stood charged; but it is complained that the court erred in refusing to allow the affidavit filed by him for a continuance to be read as evidence upon the trial of the case. In this affidavit the defendant set forth that he was not ready for trial, and desired a continuance because of the absence of a witness who would testify to certain

Huffaker v. Commonwelath.

facts if he were present. The commonwealth's attorney consented that the affidavit should be read as a deposition, subject to exception for competency and relevancy, whereupon the court overruled the motion for a continuance. When the affidavit was offered to be read the court refused to permit it to be introduced, on the ground that the statements which it alleged the absent witness would make, if present, were merely hearsay evidence, and therefore, of course, incompetent. The absent witness was a guard, one Daniel Miller. The following excerpt from the affidavit will show what was expected to be proved by him: "He says if said Miller were present he would testify, and it is true, material, and important, that he was guard in charge, as aforesaid, down to the time of the killing; that deceased had been reported to him for threatening, insulting, and declaring his purpose to assault, this defendant, and leaving his work place and going to defendant's stand for the purpose of threatening him with violence; that defendant himself had so reported to him; and that he, said Miller, had forbidden, under penalty, the deceased from threatening to assault, or insulting. defendant, and from leaving his work place, and going to defendant's stand for the purpose of menacing him for any purpose. * * *" The court correctly excluded the affidavit. The fact that the deceased, B. Sherley, had been reported to Miller as having threatened the defendant did not show that he had made the threats reported, nor did the fact that Miller had forbidden the deceased, under penalty, from threatening to assault or insult the defendant cast any light upon the issue being tried. If the defendant desired to show that the deceased threatened or insulted him, he should have produced the witnessess who knew the facts, and not relied upon

one who had only heard that these threats had been made.

It is insisted by counsel that, inasmuch as the defendant was already under a life sentence by the judgment of one court of competent jurisdiction, he could not be tried or punished for any other crime, as to do so would annul the former judgment. The best that can be said for this proposition is that it does credit to the ingenuity of the learned counsel who were appointed by the court to defend the accused. It is, however, as a legal proposition wholly untenable. If it were sound, it would result that a prisoner serving a life sentence could murder every one in the penitentiary without being amenable to the law. No authority is produced, or, in our opinion, can be produced, to uphold so monstrous a conclusion, and it carries with it its own refutation. On the other hand abundant authority can be cited to uphold the judgment of the trial court. In the case of People v. Majors, 65 Cal., 138, 3 Pac., 597, 52 Am. Rep.., 295, it is said: "A person may be tried for murder, though he is at the time under sentence of life imprisonment for another offense." In the case of Brown v. State (Tex. Cr. App.), 95 S. W., 1039, the Supreme Court of Texas said, on the question before us: "We have not been cited to any authority, nor are we aware of any provision of law, statutory or otherwise, that would prevent the trial and conviction of a convict for homicide, or for any other offense committed while he was detained as a prisoner by virtue of a prior conviction. It would take a very strong reason or authority, or an express statute, to show that the person confined in the penitentiary could not be tried and punished for the homicide of one of his fellow convicts." To the same effect is Kennedy v. Howard, 74 Ind., 87; Ex parte Ryon, 10

Nev., 261; People v. Flynn, 7 Utah, 378, 26 Pac., 1114, and Ruffin v. Commonwealth, 21 Grat. (Va.) 790.

No complaint is made as to the instructions of the court, nor is any other error, than those already disposed of, pointed out.

It follows that the judgment of the trial court must be affirmed, and it is so ordered.