## FRANKEL v. WOODROUGH,
### District Judge.

(Circuit Court of Appeals, Eighth Circuit. August 11, 1925.)

No. 282.

**1. Courts ⬥404 — Courts of appeal have no original jurisdiction, except such as is necessary to aid, protect, or enforce their appellate jurisdiction.**

The jurisdiction of the Circuit Courts of Appeals is purely appellate, and they have no original jurisdiction, except such as is necessary to aid, protect, or enforce their appellate jurisdiction.

**2. Courts ⬥404—Appellate jurisdiction affected, where trial court refuses to try action pending therein, and Circuit Court of Appeals may issue original writ in aid of appellate jurisdiction in such case.**

Where trial court refuses without cause to try a prosecution pending therein, appellate jurisdiction of Circuit Court of Appeals is affected and prevented, because its jurisdiction cannot become operative until entry of judgment or decree, and hence jurisdiction of Circuit Court of Appeals to issue original writs in aid of appellate jurisdiction exists.

**3. Courts ⬥404—Motion to quash indictment authorized Circuit Court of Appeals to entertain mandamus petition to compel action by trial court.**

Motion to quash indictment for failure to prosecute and give accused speedy trial *held* to sufficiently show that appellate jurisdiction from conviction would be in Circuit Court of Appeals, authorizing latter court to entertain a mandamus petition for purpose of compelling trial court to proceed to determination of pending prosecution.

**4. Mandamus ⬥28—Mandamus cannot be used to control lawful discretion of trial court.**

Mandamus cannot be used to control the lawful discretion of a trial court, either in what its decision shall be or in whether it shall move to a decision.

**5. Mandamus ⬥10—Duty to be enforced by mandamus must exist at time when application for mandamus made.**

The duty to be enforced by mandamus must not only be merely ministerial, but it must be a duty which exists when the application for mandamus is made.

**6. Mandamus ⬥12—Obligation to be enforced by mandamus must be peremptory and plainly defined.**

An obligation to be enforced by mandamus must be peremptory and plainly defined, and law must not only authorize, but require, that act be done.

**7. Mandamus ⬥174—Whether duty of trial court is one which may be mandamused may be determined on return to rule to show cause why writ should not issue or on pleadings on application to file petition for writ.**

Whether the duty of the trial court is of the character which may be mandamused may be determined on the return to a rule to show cause why the writ should not issue, or from the face of tendered pleadings on an application to file the petition for the writ.

**8. Criminal law ⬥573—Amendment 6 secures right to speedy and public trial in all criminal prosecutions under federal law.**

Const. Amend. 6, secures the right to a speedy and public trial in all criminal prosecutions under federal law, but speed is not of itself a primal and separate consideration; justice to accused and to public being prime consideration.

**9. Criminal law ⬥576(8)—One complaining of delay in trial must affirmatively demand his right to trial.**

One complaining of delay in trial must affirmatively demand his right to trial.

**10. Criminal law ⬥576(2)—Accused cannot be denied speedy trial because he is serving sentence on another conviction.**

A prisoner sentenced for violating a law of the United States is not immune from, nor can he be denied the right to, a trial for other offenses against the United States, and this has been recognized by Congress in Act March 3, 1875, § 1 (Comp. St. § 10531).

**11. Criminal law ⬥1216(2)—Cumulative sentences are permissible under federal practice.**

Cumulative sentences are permissible under federal practice, and sentences on convictions during imprisonment may be expressly made to commence at the end of the existing imprisonment.

Application by Albert E. Frankel for leave to file, in forma pauperis, a petition for writ of mandamus against Hon. Joseph W. Woodrough, United States District Judge for the District of Nebraska. Petition granted.

Albert E. Frankel, of Leavenworth, Kan., in pro. per.

James C. Kinsler, U. S. Atty., of Omaha, Neb., for Judge Woodrough.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an application for leave to file, in forma pauperis, a petition for a writ of mandamus against the Hon. Joseph W. Woodrough, Judge of the United States Court for the District of Nebraska.

The petitioner sets forth the pendency of an indictment (No. 2884) against him in that district; that he has filed a motion to quash the indictment and a motion for a "speedy and immediate trial"; that he has been in custody more than three terms of court; and

that such judge refuses to consider such motions. To the petition are attached copies of the above motions.

[1-3] This character of action (an original writ) is somewhat unusual in Courts of Appeals and it is proper that this court examine its jurisdiction to entertain it. The purpose of the petition is to compel the determination of a criminal action against petitioner which, he avers, the trial court will not hear although it is its duty to do so. The jurisdiction of the Courts of Appeals is purely appellate and they have no original jurisdiction except such as is necessary to aid, protect or enforce their appellate jurisdiction. Whitney v. Dick, 202 U. S. 132, 26 S. Ct. 584, 50 L. Ed. 963; United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. Where a trial court refuses without proper cause to try an action pending therein, appellate jurisdiction is affected and prevented because such jurisdiction cannot become operative and effective until a final order, judgment or decree is entered. Therefore, in such instances, the jurisdiction to issue original writs in aid of the appellate jurisdiction exists. McClellan v. Carland, 217 U. S. 268, 279, 30 S. Ct. 501, 54 L. Ed. 762; Schendel v. McGee, 300 F. 273, 277 (8th C. C. A.); Greyerbiehl v. Hughes Elec. Co., 294 F. 802, 805 (8th C. C. A.); Barber Asphalt Co. v. Morris, 132 F. 945, 953 (8th C. C. A.) 66 C. C. A. 55, 67 L. R. A. 761; Jefferson Standard Life Ins. Co. v. Keeton, 292 F. 53, 56 (4th C. C. A.). The motion to quash, attached to this petition, sufficiently shows that appellate jurisdiction from conviction in this criminal action would be to this court; therefore, the general jurisdiction exists in this court to entertain a mandamus petition having for its purpose to compel a trial court to proceed to the determination of a pending action where it is under a legal duty to so proceed.

[4] However, it is elementary that mandamus cannot be used to control the lawful discretion of a trial court either in what its decision shall be or (where such discretion exists) in whether it shall move to a decision. United States v. Lamont, 155 U. S. 303, 308, 15 S. Ct. 97, 39 L. Ed. 160. Moreover, as stated in the Lamont Case at page 308 (15 S. Ct. 98):

[5] "The duty to be enforced by mandamus must not only be merely ministerial, but it must be a duty which exists at the time when the application for the mandamus is made. Thus in the case of Ex parte Rowland, 104 U. S. 604, 612 [26 L. Ed. 861], this court, speaking through Mr. Chief Justice Waite, said: 'It is settled that more cannot be required of a public officer by mandamus than the law has made it his duty to do. The object of the writ is to enforce the performance of an existing duty, not to create a new one.'

[6] "Moreover, the obligation must be both peremptory, and plainly defined. The law must not only authorize the act, Commonwealth v. Boutwell, 13 Wall. 526 [20 L. Ed. 631], but it must require the act to be done. 'A mandamus will not lie against the Secretary of the Treasury unless the laws require him to do what he is asked in the petition to be made to do,' Reeside v. Walker, 11 How. 272 [13 L. Ed. 693]; see also Secretary v. McGarrahan, 9 Wall. 298 [19 L. Ed. 579]; and the duty must be 'clear and indisputable.' Knox County v. Aspinwall, 24 How. 376 [16 L. Ed. 735]."

[7] Whether the duty of the trial court is of the character above quoted may be determined upon the return to a rule to show cause why the writ should not issue or, from the face of the tendered pleadings, on an application for leave to file the petition for the writ. Ex parte Harding, 219 U. S. 363, 31 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392. Therefore, it is our duty to examine the pleadings tendered here to ascertain whether they leave in doubt the duty of this court to deny leave to file. Ex parte Harding, 219 U. S. 363, 369, 21 S. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392.

In the motion for speedy and immediate trial, attached to this petition, is the statement, "that after the arraignment and plea of not guilty to the above indictment, defendant was tried and convicted in this court for case No. 2027. That because of the pending of this indictment No. 2884 defendant is now deprived of his right to apply for a parole, as provided by the Act of Congress approved June 25, 1910, as amended." Thus it appears clearly that the petitioner is now confined in the penitentiary under conviction for another crime against the United States. He insists that he has a present legal right to be taken therefrom and tried under the indictment pending before Judge Woodrough.

[8] The Constitution (Amendment, article 6) secures "the right to a speedy and public trial" in all criminal prosecutions under federal law. As said in Beavers v. Haubert, 198 U. S. 77 at page 87, 25 S. Ct. 573, 49 L. Ed. 950. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It

secures rights to a defendant. It does not preclude the rights of public justice."

Speed in trying accused persons is not of itself a primal and separate consideration. Justice, both to the accused and to the public, is the prime consideration. Such speed is merely an important element or attribute of justice. If either party is forced to trial without a fair opportunity for preparation, justice is sacrificed to speed. But when both parties have had fair opportunity for preparation, then either has a legal right to demand a trial as soon as the orderly conduct of the business of the court will permit.

[9, 10] The clear inference from the petition presented here is that the court refuses to proceed to trial because this petitioner is in the penitentiary. It is true that one complaining of delay must affirmatively demand his right of trial (Phillips v. United States, 201 F. 259, 262, 120 C. C. A. 149, this court; Worthington v. United States, 1 F.[2d] 154, 7th C. C. A.), but that has been and is being done by this petitioner. Therefore, the bald question presented is whether an accused can be denied trial while and because he is serving sentence on another conviction.

We think the rule in the federal courts is settled that imprisonment has no such effect. Ponzi v. Fessenden, 258 U. S. 254, 261, 264, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Lamar v. United States, 260 U. S. 711, 43 S. Ct. 251, 67 L. Ed. 476 (memorandum opinion affirming Ex parte Lamar [C. C. A.] 274 F. 160, 170, 24 A. L. R. 864); also see Collins v. Loisel, 262 U. S. 426, 431, 43 S. Ct. 618, 67 L. Ed. 1062, and Ex parte Sichofsky, 273 F. 694 (affirmed [C. C. A.], 277 F. 762 sub nom. Sichofsky v. United States).

The Constitutions of most of the states have provisions similar to the Sixth Amendment and many of the states have statutory definitions of the time or number of court terms within which criminal accusations must be tried. Such statutes provide usually for the discharge of accused unless the trial is within the limits so defined. The United States has no such statutory provisions and we think an accused would not be entitled to a discharge even though he were denied a speedy trial within the meaning of the Constitution. His right and only remedy would be to apply to the proper appellate court for a writ of mandamus to compel trial.

The question before us has been before several of the state courts. The great weight of authority is that imprisonment under sentence does not suspend the right to speedy trial but that either the state or the convict can insist thereon. 16 C. J. 442, notes 35 and 36, and cases there cited; People v. Hong Ah Duck, 61 Cal. 387; People v. Majors, 65 Cal. 138, 147, 3 P. 597, 52 Am. Rep. 295; State v. Wilson, 38 Conn. 126; Kennedy v. Howard, 74 Ind. 87; Huffaker v. Commonwealth, 124 Ky. 115, 98 S. W. 331, 14 Ann. Cas. 487; Rigor v. State, 101 Md. 465, 471, 61 A. 631, 4 Ann. Cas. 719; Singleton v. State, 71 Miss. 782, 16 So. 295, 42 Am. St. Rep. 488; State v. Connell, 49 Mo. 282; Ex parte Ryan, 10 Nev. 261; Ex parte Tramner, 35 Nev. 56, 126 P. 337, 41 L. R. A. (N. S.) 1095; Thomas v. People, 67 N. Y. 218; Arrowsmith v. State, 131 Tenn. 480, 175 S. W. 545, L. R. A. 1915E, 363; Coleman v. State, 35 Tex. Cr. R. 404, 33 S. W. 1083; Gaines v. State (Tex. Cr. R.) 53 S. W. 623; Brown v. State, 50 Tex. Cr. R. 114, 95 S. W. 1039; People v. Flynn, 7 Utah, 378, 26 P. 1114; Ruffin v. Commonwealth, 21 Grat. (62 Va.) 790; Clifford v. Dryden, 31 Wash. 545, 72 P. 96; Dudley v. State, 55 W. Va. 472, 47 S. E. 285; State v. Keefe, 17 Wyo. 227, 98 P. 122, 22 L. R. A. (N. S.) 896, 17 Ann. Cas. 161. Also extended notes in 22 L. R. A. (N. S.) 896; 41 L. R. A. (N. S.) 1095; L. R. A. 1915E, 363.

From the standpoint of the accused, the logic of this view is well expressed in State v. Keefe, 17 Wyo. 227, 98 P. 122, 22 L. R. A. (N. S.) 896, 17 Ann. Cas. 161, as follows: "The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well. No reason is perceived for depriving him of the right granted generally to accused persons, and thus in effect inflict upon him an additional punishment for the offense of which he has been convicted. At the time of defendant's trial upon the one information, he was under the protection of the guaranty of a speedy trial as to the other. It cannot be reasonably maintained, we think, that the guaranty became lost to him upon his conviction and sentence, or his removal to the penitentiary. Possibly in his case, as well as in the case of other convicts, a trial might be longer delayed, in the absence of a statute controlling the question, than in the case of one held in jail merely to await trial, without violating the constitutional right, for an acquittal would not necessarily terminate imprisonment. However, the purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a re-

lease from the harassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison. Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that the defendant is serving a sentence in the penitentiary for another crime."

Another consideration bears directly upon this question. It would seem obvious that this constitutional right of the accused to speedy trial should exist if there is a right on the part of the state to force him to trial during such imprisonment. This right of the state is announced in many of the above citations and the compelling reasons therefore are well stated to be loss of evidence through delay during the imprisonment, resulting in failure of justice; effect on prison discipline if convicts could not be punished for crimes committed while in prison until after such imprisonment ended; probable or entire escape from punishment for serious or capital offenses where the existing prison term is lengthy or for life. Cases illustrative of the effect upon prison discipline and upon possible escape from punishment are: less than life term prisoner killing warden (State v. Wilson, 38 Conn. 126) or other person (Kennedy v. Howard, 74 Ind. 87; Thomas v. People, 67 N. Y. 218; Ruffin v. Commonwealth, 21 Grat. [62 Va.] 790) during imprisonment; life term prisoner killing fellow convict (People v. Hong Ah Duck, 61 Cal. 387; Huffaker v. Commonwealth, 124 Ky. 115, 98 S. W. 331, 14 Ann. Cas. 487; Singleton v. State, 71 Miss. 782, 16 So. 295, 42 Am. St. Rep. 488; State v. Connell, 49 Mo. 282; Brown v. State, 50 Tex. Cr. R. 114, 95 S. W. 1039); murder committed before imprisonment for life for a different offense (People v. Majors, 65 Cal. 138; Ex Parte Tramner, 35 Nev. 56, 126 P. 337, 41 L. R. A. [N. S.] 1095). If the contrary doctrine were true, a life prisoner could commit crimes, even murder, in the prison with entire immunity and impunity.

We think the law is that a prisoner serving sentence for violating a law of the United States is not, during such imprisonment, immune from nor can he be denied the right to trial for other offenses against the United States. This view has, by direct inference, been recognized by Congress in the "good conduct" statute (Act March 3, 1875, 18 Stat. 479 [Comp. St. § 10531]) where it is provided "that, if during the term of imprisonment the prisoner shall commit any offense

for which he shall be convicted by a jury, all remissions theretofore made shall be thereby annulled."

[11] It may be suggested that such a rule will permit the convict partially to escape punishment by enabling him to serve several sentences, on different indictments, at the same time. This is not necessarily true. Cumulative sentences are permissible under federal practice (Blitz v. United States, 153 U. S. 308, 317, 14 S. Ct. 924, 38 L. Ed. 725; Howard v. United States, 75 F. 986, 991, 21 C. C. A. 586, 34 L. R. A. 509 [6th C. C. A.]), and sentences on convictions during imprisonment may be expressly made to commence at the end of the existing imprisonment (Ponzi v. Fessenden, 258 U. S. 254, 265, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Rigor v. State, 101 Md. 465, 469, 61 A. 631, 4 Ann. Cas. 719; Ex parte Ryan, 10 Nev. 261; Ex parte Tramner, 35 Nev. 56, 126 P. 337, 41 L. R. A. [N. S.] 1095; Thomas v. People, 67 N. Y. 218, 226; Henderson v. James, 52 Ohio St. 242, 254, 39 N. E. 805, 27 L. R. A. 290; People v. Flynn, 7 Utah, 378, 382, 26 P. 1114; Clifford v. Dryden, 31 Wash. 545, 72 P. 96; State v. Finch, 75 Kan. 282, 89 P. 922, 20 L. R. A. [N. S.] 273; Kite v. Commonwealth, 11 Metc. [Mass.] 581, 585; 1 Bish. New Crim. Law [8th Ed.] § 953; 16 C. J. 1306).

This opinion is expressly limited to instances of prisoners confined for violations of federal laws and trial, while so confined, on accusations for violations of federal laws. Where it is a matter of a federal prisoner accused under a state law or vice versa, other legal considerations are present which are not here involved or considered—such as the applicability of the Sixth Amendment (Brown v. New Jersey, 175 U. S. 172, 174, 20 S. Ct. 77, 44 L. Ed. 119; Maxwell v. Dow, 176 U. S. 581, 586, 20 S. Ct. 448, 44 L. Ed. 597; West v. Louisiana, 194 U. S. 258, 262, 24 S. Ct. 650, 48 L. Ed. 965; Ex rel. Lloyd v. Dollison, 194 U. S. 445, 447, 24 S. Ct. 703, 48 L. Ed. 1062; Ughbanks v. Armstrong, 208 U. S. 481, 487, 28 S. Ct. 372, 52 L. Ed. 582) and conflict of jurisdiction of different sovereignties (Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287; Taylor v. Carryl, 20 How. 583, 597, 15 L. Ed. 1028; Ponzi v. Fessenden, 254 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879; Kline v. Burke Construction Co., 260 U. S. 226, 230, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; United States v. Lanza, 260 U. S. 377, 385, 43 S. Ct. 141, 67 L. Ed. 314). Also see R. S. § 753, and Carfer v. Caldwell,

200 U. S. 293, 296, 26 S. Ct. 264, 50 L. Ed. 488.

Our conclusion is that the petitioner is entitled to have his petition filed and to a rule to show cause why the writ should not issue as prayed.