**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3197
_____

ERIC DAVIS,
                         Appellant

v.

T.R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 10-cv-00740)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2010

Before:  FUENTES, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed December 10, 2010 )

_____

OPINION
_____

PER CURIAM

        Eric Davis appeals pro se from the District Court's order denying his petition for a

writ of habeas corpus under 28 U.S.C. § 2241.  We will affirm.

I.

Davis contends that the Bureau of Prisons ("BOP") has miscalculated his sentence by refusing to credit him for certain time served. Davis was in Maryland state custody when, on December 5, 2005, a Maryland state court sentenced him to five years of imprisonment (less time served) for a state parole violation. A federal indictment also had been filed against him. On December 16, 2005, the United States District Court for the District of Maryland issued a writ of habeas corpus ad prosequendum to compel his appearance to answer the federal charges. A United States Marshal executed the writ and took him into federal custody on January 6, 2006. That same day, a federal Magistrate Judge entered an order of detention on the federal parties' agreement without prejudice to their ability to challenge the federal detention.

Davis remained in federal custody for the duration of his federal proceeding. During that time, his Maryland state sentence expired on September 12, 2008. Davis ultimately pleaded guilty to the federal charges, and the Maryland District Court sentenced him to 168 months of imprisonment on December 18, 2008. The United States Marshal Service, unaware that Davis had completed his Maryland state sentence, returned him to state custody on January 16, 2009. The Maryland Department of Corrections soon discovered that his state sentence had expired and released him on January 21, 2009. Davis surrendered to federal authorities to begin serving his federal sentence that day.

The BOP later calculated Davis's federal release date. In doing so, it determined that his federal sentence commenced on January 21, 2009, when he surrendered to federal authorities. It did not give him credit for time served between the date he was taken into federal custody (January 6, 2006) until the date his state sentence expired (September 13,

2008), because it deemed him to remain in primary state custody during that time. It did give him credit from the expiration of his state sentence to the date he surrendered to federal authorities to begin his federal sentence.

Davis, now incarcerated within the Middle District of Pennsylvania, filed a § 2241 habeas petition asserting that the BOP should have given him credit for the earlier period as well. A Magistrate Judge recommended that the District Court deny the petition, which it did by order entered July 6, 2010. Davis appeals.[1]

II.

The District Court concluded that Davis is not entitled to credit against his federal sentence from the time he was taken into temporary federal custody until the time his state sentence expired because that time already has been credited against his state sentence (thus resulting in its expiration). For the reasons adequately explained by the Magistrate Judge and District Court, we agree. See 18 U.S.C. § 3585(b) (permitting credit only for time served "that has not been credited against another sentence"); see also Vega, 493 F.3d at 314 (§ 3585(b) does not permit "double credit" toward state and federal sentence); Rios v. Wiley, 201 F.3d 257, 271-73 (3d Cir. 2000) (same), superseded in part by statute on other grounds as stated in United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).

---

1. [1] A certificate of appealability is not required to appeal the denial of a challenge to the execution of a sentence under § 2241. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Thus, we have jurisdiction under 28 U.S.C. §§ 1291 and 2253. See Vega v. United States, 493 F.3d 310, 313-14 (3d Cir. 2007). We review the District Court's denial of habeas relief de novo and exercise plenary review over its conclusions of law. See id. at 314.

Davis does not directly contest that the first portion of his federal custody was counted toward his state sentence. Instead, he argues that the State of Maryland relinquished its jurisdiction over him when it surrendered him to federal authorities pursuant to the writ ad prosequendum and that he should be deemed to have been in exclusive federal custody since that date. Taking his argument one step farther than he does, that would mean either that the State of Maryland expects him to serve the remainder of his state sentence after his release from federal custody (which would result in the same period of incarceration he now faces) or that it effectively pardoned him.

We are not persuaded. A state prisoner transferred to federal custody under a writ ad prosequendum to answer federal charges is considered "on loan" to federal authorities and remains in primary custody of the state "unless and until the first sovereign relinquishes jurisdiction." Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded in part on other grounds by U.S.S.G. § 5G1.3 App. Note 3(E) (2003); Rios, 201 F.3d at 274. "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: (1) release on bail; (2) dismissal of charges; (3) parole; or (4) expiration of sentence." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005).

Davis does not argue that his sentence had expired or that the State of Maryland did any of these things when it released him into temporary federal custody. Instead, he argues that the State of Maryland's intent to relinquish jurisdiction can be gleaned from four factors. First, he argues that the federal parties "understood" that the January 6, 2006 detention order placed him in primary federal custody. Second, he argues that Maryland District Court remanded him to the custody of the BOP rather than the State of Maryland

after it imposed his federal sentence.  Third, he argues that federal authorities never placed a detainer on him before erroneously transferring him back to the custody of the State of Maryland.  Finally, he argues that the State of Maryland did not contact federal authorities before releasing him after determining that his state sentence had expired.

None of these factors suggests that the State of Maryland intended to relinquish its jurisdiction before Davis's sentence expired.  Instead, the only conclusion permitted by the record is that the State of Maryland's jurisdiction became extinguished by operation of law on September 13, 2008, when his state sentence expired.  See Cole, 416 F.3d at 897.  The BOP properly credited all of his custody after that date against his federal sentence, and he is entitled to nothing more.  See Ruggiano, 307 F.3d at 125 n.1 ("For the purposes of computing [a defendant's] sentence . . . the time spent in custody pursuant to a writ ad prosequendum is credited toward his state sentence, not his federal sentence.").

Accordingly, we will affirm the judgment of the District Court.