PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3902
_____

HAI KIM NGUYEN,
                                    Appellant

v.

ATTORNEY GENERAL OF NEW JERSEY;
SUPERINTENDENT ATTICA CORRECTIONAL
FACILITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-13-cv-06845)
Honorable Michael A. Shipp, District Judge
_____

Argued June 14, 2016

BEFORE: AMBRO, JORDAN, and GREENBERG,
Circuit Judges

(Filed: August 10, 2016)
_____

Michael J. Confusione
Hegge & Confusione
P.O. Box 366
Mulica Hill, NJ 08062

Jonathan I. Edelstein (argued)
Edelstein & Grossman
501 Fifth Avenue, Suite 514
New York, NY 10017

      Attorneys for Appellant

John R. Ascione
Somerset County Office of Prosecutor
James L. McConnell (argued)
Somerset County Prosecutor's Office
Administration Building
P.O. Box 3000
Somerville, N.J. 08876

      Attorneys for Appellees

_____

OPINION

_____

GREENBERG, Circuit Judge.

I.  INTRODUCTION

This matter comes on before this Court on an appeal from an order entered in the District Court on November 19, 2015, denying Hai Kim Nguyen's petition for a writ of habeas corpus. See Nguyen v. Hoffman, Civ. Act. No. 13-6845, 2015 U.S. Dist. LEXIS 156677 (D.N.J. Nov. 19, 2015). Though the order denied Nguyen's petition, it granted him a certificate of appealability on one of the grounds that he asserted in his petition—namely, that his trial counsel had been ineffective for failing to raise a Sixth Amendment speedy trial claim. We review the denial of his petition based on ineffective-assistance-of-counsel grounds through a "doubly deferential" lens. See Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S.Ct. 1411, 1420 (2009). Thus, the question before us is whether Nguyen's trial counsel's representation met an objective standard of reasonableness or, if he did not meet that standard, his representation did not prejudice Nguyen. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). In light of the fact that Nguyen's trial counsel did raise a Sixth Amendment speedy trial claim before trial on a motion to dismiss the indictment in the state trial court, we conclude that he cannot be deemed to have been ineffective for failing to raise the claim. Accordingly, without reaching the issue of prejudice, we will affirm the District Court's denial of Nguyen's petition.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The State-Court Charges and Guilty Plea

On March 24, 2002, while attending a wedding reception in Green Brook Township, New Jersey, Nguyen shot another wedding guest, Tuan Thieu, eight times, fatally wounding him. At that time, Nguyen also shot at another wedding guest, but he

3

missed his target, and the bullet lodged in the wall of the wedding facility. When the police arrived shortly after the shooting, several eye witnesses, each of whom knew Nguyen, identified him to the police as the shooter. Witnesses also informed the police that Nguyen fled the scene in a 1996 Honda with Alabama license plates. Moreover, witnesses provided the police with Nguyen's address in Brooklyn.

On the day following the homicide, detectives from the Somerset County Prosecutor's Office, accompanied by New York City Police Department officers, went to the Brooklyn address that the witnesses provided intending to arrest Nguyen. When the officers knocked on the door of the residence, Nguyen barricaded himself inside with his two-year-old son, and informed the officers that he would shoot his son and the officers if they attempted to enter. After a four-hour standoff in which a New York Police Department hostage team participated, Nguyen agreed to be taken into custody, and the New York authorities arrested him on the evening of March 25, 2002.[1]

While Nguyen was in custody in New York, a New York grand jury returned several indictments against him. Nguyen pleaded guilty to the New York indictments on April 30, 2003, 13 months after his arrest. A New York court imposed concurrent sentences on Nguyen for these convictions, the longest of which was a five-to-fifteen year sentence on a bribery charge.

---

[1] A subsequent police search uncovered physical evidence, including a gun found in a hidden compartment in Nguyen's car. Forensic testing confirmed the weapon to have been used in the wedding reception shootings.

4

Prior to his guilty pleas to the New York indictments, at a time that he was still in custody in New York, a New Jersey grand jury in Somerset County returned an indictment on April 24, 2002, relating to the March 24, 2002 shootings at the wedding reception. That indictment charged Nguyen with first-degree murder and other offenses as a result of his crimes at the wedding reception. On May 13, 2003—shortly after he entered guilty pleas to the New York indictments—Nguyen waived extradition, and on November 7, 2003, he was extradited to New Jersey so that New Jersey authorities took custody of him. After protracted pretrial proceedings, Nguyen pleaded guilty on September 23, 2009, to one count of aggravated manslaughter and one count of attempted murder. He was sentenced on December 11, 2009, to a 20-year term of imprisonment to run concurrently with his New York sentence starting from the date of his New Jersey guilty pleas. Nguyen's habeas corpus petition, from the denial of which he appeals, turns on the events that occurred between his extradition in November 2003 and his entry of his guilty plea in September 2009.

B. The Pretrial Proceedings

On September 2, 2004, Nguyen's trial counsel in Somerset County filed an omnibus motion, which included motions to suppress physical evidence, to suppress statements, for a Sands-Brunson hearing,[2] to preclude evidence of his other bad acts, and to conduct a hearing regarding the admissibility of statements made to non-police witnesses. The trial court held a

---

[2] A State v. Brunson, 625 A.2d 1085 (N.J. 1993), and State v. Sands, 386 A.2d 378 (N.J. 1978), hearing would have involved evidence issues not material in this case.

hearing over two days in September 2005 to address the motion to suppress the homicide weapon and Nguyen's statements made to non-police witnesses. After the hearing, the parties filed briefs between October 2005 and February 2006. The trial court heard oral argument on the motions to suppress on April 27, 2006, and denied the motions. The court subsequently denied the remainder of Nguyen's pretrial motions in a written decision on February 11, 2009.

From August 2006 to June 2008, Nguyen pursued an insanity defense. He filed his notice of insanity defense and lack of requisite state of mind as required by New Jersey court procedures on August 30, 2006. The trial court entered a consent order on January 4, 2007, which provided for the release of medical records from the New York City Department of Health and Mental Hygiene Correctional Health Services. (A6). On January 17, 2007, Nguyen's counsel produced Nguyen's medical and psychiatric record. Subsequently, the State's expert examined Nguyen in March 2007 and on October 5, 2007. Ultimately, the trial court held a competency hearing on December 13, 2007, at which both the State and defense counsel presented expert witnesses. At that hearing, defense counsel stated that the defense expert would conduct a further examination of Nguyen in January 2008 and thereafter file an additional report. It appears, however, that the expert did not make a further examination, and on June 26, 2008, the trial court determined that Nguyen was competent to proceed to trial.

Following this resolution of all outstanding motions, the court set a trial date for June 2009. The State requested an adjournment and proposed a September 29, 2009 trial date, to which there was no objection. Notably, the record reflects that while the case was pending in New Jersey, 12 conferences

6

scheduled in the case were adjourned, at least ten of them at the request of defense counsel.

## C. The Motion to Dismiss the Indictment

On July 1, 2009, defense counsel filed a Motion to Dismiss the Indictment for Violation of the Interstate Agreement on Detainers ("IAD"), N.J. Stat. Ann. § 2A:159A-1 et seq., a statute that sets forth a procedure for the transfer of prisoners between jurisdictions for trial in the receiving jurisdiction. Defense counsel filed a letter brief supporting the motion on September 21, 2009, seeking an order dismissing the indictment. In making his IAD argument, defense counsel cited Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972), for the proposition that "'a [d]efendant has no duty to bring himself to trial. The State has that duty, as well as the duty of insuring that the trial is consistent with Due Process.'" (A36 (quoting Barker, 407 U.S. at 527, 92 S.Ct. at 2190)). In his brief defense counsel included the following nine paragraphs in a footnote:

> The Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial. An accused's right to a speedy trial ripens after the filing of a formal criminal complaint. State v. LeVien, 44 N.J. 323 (1965). This fundamental right applies against the State through the Due Process [Clause] of the Fourteenth Amendment, see Klopfer v. North Carolina, 386 U.S. 213 (1967), and the New Jersey

7

Constitution, Article I, Paragraph 10 (1947).

In Barker v. Wingo, 407 U.S. 514, 530 (1972), the United States Supreme Court established a balancing test to be used in determining whether a defendant's right to a speedy trial has been violated. The Court noted that the duty to bring a defendant to trial 'as well as the duty of insuring that the trial is consistent with due process . . .' rests entirely with the State. Id. at 527. See also State v. Smith, 70 N.J. 214, 217 (1976) (applying the Barker v. Wingo balancing test).

The balancing test 'compels Courts to approach speedy trial cases on an ad hoc basis.' Barker v. Wingo, supra at 530. It requires considering and weighing four factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.

Applying these factors to the case at hand, it is clear that Mr. Nguyen's right to a speedy trial has been denied. Mr. Nguyen was indicted in 2003 — six years ago.

8

Moreover, it has been six years since the Prosecutor's Office filed to bring Mr. Nguyen to New Jersey under the Interstate Agreement on Detainers. This is clearly long enough to trigger a speedy trial analysis. Barker v. Wingo, supra at 530.

The second factor, the reason for the delay, must also be weighed against the State and not against Mr. Nguyen. As the Supreme Court noted in Barker v. Wingo, 'a [d]efendant has no duty to bring himself to trial. The State has that duty, as well as the duty of insuring that the trial is consistent with Due Process.' Id. at 527. In this instance, the Prosecutor's Office attempted in 2003 to bring Mr. Nguyen to New Jersey under the Interstate Agreement on Detainers.

The third Barker v. Wingo factor addresses the defendant's assertion of his right to a speedy trial. As noted above, Mr. Nguyen waived extradition and has repeatedly requested a trial. Therefore he has no reason to seek to delay disposition of the New

9

Jersey charges.

The fourth and final factor to be considered is the prejudice resulting to Mr. Nguyen from this extraordinary delay. '[I]mpairment of defense is considered the most serious factor since it . . . [goes] to the question of fundamental fairness,['] State v. Szima, 70 N.J. 196, 201 (1976). Prejudice is not confined to the defendant's inability or lessened ability to defend on the merits. Prejudice can also be found from employment interruptions, public obloquy, anxieties concerning continued and unresolved prosecution, the drain on finances, and the like. Moore v. Arizona, 414 U.S. 25 (1973).

As noted above, any hope that Mr. Nguyen may have of serving any sentence on these charges concurrent to his New York sentence fades with the passage of time. Moreover, Mr. Nguyen certainly has had the '[a]nxiety and concern' of this matter hanging over him for six long years. Barker v. Wingo, supra at 532. There is also actual prejudice to the defendant

> considering the impact of such a lengthy delay on the memory of critical witnesses.
>
> In sum, since all four factors set out in <u>Barker v. Wingo</u> must be weighed against the State, Mr. Nguyen's right to a speedy trial has clearly been violated.

(A36-37 n.1).

The trial court heard oral argument on Nguyen's motion on September 23, 2009, and issued an oral decision rejecting the motion to dismiss the indictment. The court then entered an order to that effect.

Following this oral decision and a short recess to discuss his options with trial counsel, Nguyen pleaded guilty to one count of aggravated manslaughter and one count of attempted murder. Nguyen's plea preserved both the right to appeal from the denial of his Motion to Dismiss the Indictment by reason of a violation of the IAD and the right to appeal from the disposition of all pretrial motions. On December 11, 2009, the trial court imposed a 20-year sentence on Nguyen to run concurrently from the date of the entry of his guilty plea with the New York sentence that he already was serving.

### D. The Direct Appeal and Subsequent Motion for Post-Conviction Relief

Nguyen appealed from his conviction based on his guilty plea on several grounds. Relevant for our purposes, he argued

"that the trial court should have dismissed the indictment because the State did not bring him to trial within 120 days after his arrival in New Jersey, as required by the Interstate Agreement on Detainers . . . ." State v. Nguyen, 17 A.3d 256, 258 (N.J. Super. Ct. App. Div. 2011).[3] The Appellate Division of the Superior Court rejected this argument because it found that "New York transferred custody of defendant under the Extradition Clause of the United States Constitution and the Uniform Criminal Extradition Act"—not the IAD, a determination that Nguyen does not challenge in these proceedings. Id. The Appellate Division reasoned that "the transfer of a defendant from one jurisdiction to another under legal authority other than the IAD . . . provides an alternative framework by which a state may secure custody of a prisoner confined in another state without being required to comply with the procedures of the IAD." Id. at 263. Thus, the State was not bound by the requirements of the IAD, and therefore there could not have been an IAD violation. Id. Notably, the court stated in a footnote that a defendant who is transferred pursuant to legal authority other than the IAD—while not entitled to the 120-day speedy trial provision of the IAD—"may, of course, invoke the

---

[3] Nguyen also argued "that the trial court erred in denying his motion to suppress evidence of a handgun later identified as the murder weapon, because it was discovered in the course of a search by Somerset County Prosecutor's Office investigators who were not authorized under the governing New York statute to conduct a search in New York," Nguyen, 17 A.3d at 258, and that he "was entitled to jail credits for the entire time he was incarcerated in New Jersey awaiting trial," id. at 266. The Appellate Division rejected both of these arguments. Id. at 258, 266.

12

speedy trial protections of the federal and state constitutions." Id. at 260 n.1. However, the Appellate Division indicated that Nguyen "ha[d] not asserted a violation of his constitutional right to a speedy trial." Id. Nguyen filed a petition for certification with the New Jersey Supreme Court but it denied his petition. State v. Nguyen, 27 A.3d 952 (N.J. 2011).

He then filed a petition for post-conviction relief ("PCR") in a state trial court. (See A117-22). In that petition, Nguyen contended that there were three errors that entitled him to relief: (1) ineffective assistance of trial counsel for failing to raise a Sixth Amendment speedy trial violation; (2) ineffective assistance of appellate counsel for failing to challenge the trial court's ruling on the admissibility of his post-arrest statements; and (3) a violation of due process as a result of the denial of his request for jail credits. The PCR court heard oral argument on May 29, 2012, and on May 30, 2012, it issued a comprehensive written opinion denying Nguyen's petition.

In considering the issue now before us, the PCR court concluded that trial counsel "did not fall below an objective standard of reasonableness" and, in fact, "pursue[d] a speedy trial claim on the eve of trial." (A156). Moreover, the PCR court concluded that even if Nguyen's showing satisfied the first prong of the Strickland test, i.e., counsel's deficient performance, Nguyen nevertheless would not be entitled to relief on the basis of that claim because he did not demonstrate that he suffered prejudice from his counsel's representation. Specifically, the PCR court held that "the Petitioner was the cause of the delay as he filed numerous valid pretrial motions in furtherance of exercising his constitutional rights." (A158). Moreover, the PCR court determined that "[e]ach motion was complex in nature and both counsel and the court properly spent

13

the requisite amount of time in order to fully weigh and resolve the Petitioner's contentions." (A158). Thus, any delay "cannot be claimed to be a result of the failure of the State to act." (A158).

Nguyen then appealed from the order denying his petition for PCR to the Appellate Division, which affirmed "substantially for the reasons stated by the PCR court in its thorough and comprehensive opinion of May 30, 2012." State v. Nguyen, No. A-5303-11, 2013 N.J. Super. Unpub. LEXIS 331, at *5 (N.J. Super. Ct. App. Div. Feb. 13, 2013). The court added "that when the trial court addressed the defendant's motion to dismiss the indictment for failing to resolve the charges in the time required by the IAD," it also "found that the delay in the matter did not violate defendant's constitutional right to a speedy trial." Id. at *7. In addition, the Appellate Division agreed that "even if counsel erred in failing to raise this specific claim, defendant was not prejudiced by the error because any such motion would have been denied." Id. at *8. On September 10, 2013, the New Jersey Supreme Court denied Nguyen's petition for certification seeking further review of his case. See State v. Nguyen, 73 A.3d 512 (N.J. 2013).

E. The Habeas Petition

Following the exhaustion of his state-court remedies, Nguyen filed a petition for a writ of habeas corpus in the District Court. Nguyen's petition advanced the same three claims for relief that he had made in his PCR petition—namely: (1) his trial counsel was ineffective for failing to assert a Sixth Amendment speedy trial argument; (2) his appellate counsel was ineffective for failing to raise a Miranda suppression issue; and (3) the state court's denial of jail credits deprived him of due process. See

14

Nguyen, 2015 U.S. Dist. LEXIS 156677, at *11.

The District Court rejected all of Nguyen's arguments but was troubled by the speedy trial issue. Specifically, it had concerns about whether trial counsel had, in fact, advanced a Sixth Amendment argument. However, it determined that the state courts had made a factual finding that trial counsel raised the argument—a finding the District Court deemed reasonable in light of the trial court transcripts—and that it had to defer to that finding. Id. at *26. As a result, it concluded that Nguyen could not clear Strickland's first prong, which requires a showing of deficient performance. Id. Nevertheless, the Court addressed the prejudice prong of Strickland in its opinion because it determined that many of the delays in the prosecution of the case were not attributable to Nguyen, and thus there may have been merit to his constitutional speedy trial claim. The Court concluded that "if this claim had been raised here as an independent sixth amendment speedy trial claim"—as opposed to an ineffective-assistance-of-counsel claim—"the Court could very well find that a constitutional violation had occurred." Id. at *44-45. But because the Court determined that the state PCR court's determination on the first Strickland prong was "a reasonable application of clearly established federal law, based on a reasonable determination of the facts," it could not conclude that Nguyen met the two-prong test for demonstrating that he had received ineffective assistance of counsel. Id. at *45. Accordingly, it entered an order on November 19, 2015, denying the petition for habeas corpus. The Court nevertheless issued a certificate of appealability with respect to the alleged speedy trial violation.[4]

---

[4] Pursuant to 28 U.S.C. § 2253(c), an appeal may not be taken

15

## III. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review the District Court's denial of the petition for habeas corpus de novo, as the District Court did not hold an evidentiary hearing. See Thomas v. Horn, 570 F.3d 105, 113 (3d Cir. 2009). Moreover, the state court's factual findings are entitled to a presumption of correctness, and the petitioner bears the burden to rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); see also Kuhlmann v. Wilson, 477 U.S. 436, 441, 106 S.Ct. 2616, 2620 (1986).

## IV. DISCUSSION

A district court has authority to issue a writ of habeas

---

from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability. A justice or judge may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003). Here, the District Court determined that reasonable jurists could disagree with its conclusion. Nguyen, 2015 U.S. Dist. LEXIS 156677, at *46-47.

16

corpus to an individual in state custody solely on the ground that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which deals with petitions for habeas corpus, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

Accordingly, the "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one

17

of the exceptions listed in § 2254(d) obtains." Premo v. Moore, 562 U.S. 115, 121, 131 S.Ct. 733, 739 (2011). The AEDPA in 28 U.S.C. § 2254(d) "'permit[s] relitigation where the earlier state decision resulted from "an unreasonable application of" clearly established federal law.'" Id. (quoting Harrington v. Richter, 562 U.S. 86, 100, 131 S.Ct. 770, 785 (2011)). The Supreme Court has explained that "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in Strickland." Id.

In accordance with the foregoing rules, Nguyen can demonstrate ineffective assistance of trial counsel only if he first demonstrates that his counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688, 104 S.Ct. at 2064. Nguyen also must demonstrate that his trial counsel's deficient performance was prejudicial, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. A "reasonable probability" means a probability "sufficient to undermine confidence in the outcome." Id. Importantly, the Supreme Court has made clear that "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one" of the requisite prongs. Id. at 697, 104 S.Ct. at 2069. Thus, unless there is a finding that counsel acted unreasonably, there is no need to consider whether there was prejudice that can be attributed to his representation. Id.

With respect to the first Strickland prong, it is well established that "'the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not

18

insure that defense counsel will recognize and raise every conceivable constitutional claim.'" United States v. Travillion, 759 F.3d 281, 289 (3d Cir. 2014) (quoting Engle v. Isaac, 456 U.S. 107, 134, 102 S.Ct. 1558, 1575 (1982)). On appeal, we "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. (citation and internal quotation marks omitted). In short, Strickland directs that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

It is equally well established that "habeas corpus is not to be used as a second criminal trial, and federal courts are not to run roughshod over the considered findings and judgments of the state courts that conducted the original trial and heard the initial appeals." Williams v. Taylor, 529 U.S. 362, 383, 120 S.Ct. 1495, 1508 (2000). Rather, the Supreme Court has "long insisted that federal habeas courts attend closely to those considered decisions, and give them full effect when their findings and judgments are consistent with federal law." Id.

The interplay between the highly deferential standard of habeas review and that of a Strickland analysis is critical. As the Supreme Court has reiterated, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371, 130 S.Ct. 1473, 1485 (2010). Because an ineffective-assistance-of-counsel claim can "function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial [or in pretrial proceedings]," courts must apply the

19

Strickland standard "with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." Premo, 562 U.S. at 122, 131 S.Ct. at 739-40 (quoting Strickland, 466 U.S. at 689-90, 104 S.Ct. at 2066). "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. at 122, 131 S.Ct. at 740 (internal citations and quotation marks omitted). The Supreme Court explained:

> The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Id. at 122-23, 131 S.Ct. at 740 (internal citation omitted). In sum, "[t]he standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." Id. at 122, 131 S.Ct. at 740 (internal citations and quotation marks omitted).

Nguyen filed a petition for a writ of habeas corpus on several grounds, but, on appeal, we address only his claim that

20

trial counsel was ineffective for failing to raise a Sixth Amendment speedy trial argument, as he obtained a certificate of appealability only on that issue. But, of course, if counsel did assert a speedy trial violation, he cannot be deemed ineffective for failing to have done so. After our review of the record, we find that he did seek dismissal of the indictment on speedy trial grounds, and thus Nguyen premises his argument on a flawed reading of the record.

As set forth in full above, trial counsel's September 21, 2009 brief supporting his motion to dismiss the indictment included a nine-paragraph footnote that set forth and argued the Barker v. Wingo factors. Trial counsel stated that "[t]he Sixth Amendment to the United States Constitution guarantees an accused the right to a speedy trial," and that "Mr. Nguyen's right to a speedy trial has clearly been violated." (A36-37 n.1). Nguyen challenges the import of this footnote as demonstrating that his counsel raised the speedy trial issue in the trial court on two grounds, neither of which we deem meritorious.

Nguyen claims that the District Court, and this Court, on habeas corpus review, must give deference to the factual findings of the Appellate Division on appeal from the denial of PCR. Specifically, Nguyen contends that we must defer to the following statement from the Appellate Division's decision: "In any event, the PCR court correctly found that defendant was not denied the effective assistance of counsel because his attorney did not seek dismissal of the indictment on the ground that the delay in resolving the charges violated his constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution." Nguyen, 2013 N.J. Super. Unpub. LEXIS 331, at *7. Nguyen reads this sentence as a determination that

21

counsel did not raise a Sixth Amendment argument. Though the "because" clause in the quoted sentence is somewhat ambiguous, the context shows that the Appellate Division was not taking a position on the issue. The sentence that precedes it gives a reason why counsel perhaps should be deemed to have raised the argument—namely, that the trial court, in ruling on the IAD motion, "also found that the delay in the matter did not violate defendant's constitutional right to a speedy trial." Id. And the sentence that comes after approves the conclusion that, "even if" counsel did not raise the claim, Nguyen "was not prejudiced by the error because any such motion would have been denied." Id. at *8. The Appellate Division then goes on to explain why, in its view, the Sixth Amendment claim lacked merit. Thus, the better reading of the record is that the District Court took no position on the first prong of Strickland and resolved the case entirely on the absence of prejudice.[5]

---

[5] Nguyen also argues that, regardless of what the Appellate Division said on PCR review, it determined on direct appeal from his convictions that trial counsel failed to raise a Sixth Amendment argument. He bases that contention on the Court's statement on direct review that Nguyen "has not asserted a violation of his constitutional right to a speedy trial." Nguyen, 17 A.3d at 260 n.1. However, we do not read this statement to say that Nguyen never asserted such an argument at any level, either trial or appellate. Rather, we understand it to state the undisputed fact that, regardless of what happened at the trial level, Nguyen did not raise a Sixth Amendment argument on direct appeal. Indeed, appellate courts frequently describe issues as not being raised in reference to them not being argued on appeal without implying that they were never presented at any time.

In any event, this is not a case that turns on the applicability of the presumption that state-court findings are correct, as the record from the trial level is clear. Specifically, it is undisputed that counsel included a nine-paragraph footnote in the brief supporting the motion to dismiss that unequivocally raised the issue of whether Nguyen's constitutional right to a speedy trial had been denied. Thus, the record conclusively rebuts any statement that counsel did not make a speedy trial argument in the state trial court.

Nguyen alternatively contends that trial counsel did not raise a speedy trial argument adequately before the trial court because he advanced the argument only in a footnote. (Appellant's Br. at 32 (citing Ethypharm S.A. Fr. v. Abbott Labs., 707 F.3d 223, 231 n.13 (3d Cir. 2013))).[6] Thus, Nguyen claims that, because his counsel did not place the nine-paragraph argument in the main text of the brief, we cannot conclude that he raised the speedy trial argument in the trial court. But the cases on which Nguyen relies for this conclusory proposition all deal with a fundamentally different question—namely, whether by inclusion in a footnote in an appellate brief an argument was properly raised on appeal. See Ethypharm, 707 F.3d at 231

---

[6] In Ethypharm we quoted Laborer's Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994), for the point that "a passing reference to an issue . . . will not suffice to bring that issue before [a] court." Ethypharm, 707 F.3d at 231 n.13 (internal quotation marks omitted). It seems clear that Ethypharm can hardly help Nguyen because the nine-paragraph footnote surely cannot be regarded as having been inserted in his brief to the trial court in passing.

23

n.13; SmithKline Beecham Corp. v. Apotex Corp., 439 F.3d 1312, 1320 (Fed. Cir. 2006);[7] John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997); State v. Coley, Nos. A-2170-11, A-2171-11, 2014 N.J. Super. Unpub. LEXIS 1384, at *7 n.2 (N.J. Super. Ct. App. Div. June 12, 2014); Coast Auto. Grp., Ltd. v. Withum Smith & Brown, 995 A.2d 300, 306 n.4 (N.J. Super. Ct. App. Div. 2010); Muhammad v. Cty. Bank of Rehoboth Beach, 877 A.2d 340, 347 n.3 (N.J. Super. Ct. App. Div. 2005), rev'd on other grounds, 912 A.2d 88 (N.J. 2006). But none of these cases addresses the question of whether a trial counsel fails to advance an argument adequately by advancing it only in a footnote in a brief. In any event, in view of the highly comprehensive exposition of the speedy trial issue in the footnote that we have quoted in full, we simply cannot conclude that Nguyen's attorney did not raise the issue in the trial court.

We also point out that we are quite familiar with procedures followed in New Jersey state courts and we have no doubt that those courts, which favor reaching the merits of a case, would regard the footnote that we have quoted as having adequately raised a constitutional speedy trial issue. In this regard, we note that the question of whether an issue was raised properly in a state court must be viewed from the perspective of that court, even if a federal court would not consider the

---

[7] In SmithKline Beecham, 419 F.3d at 1320 n.9, the court said it had "discretion to consider arguments that are not properly raised in the opening brief." Surely the New Jersey trial court at least had discretion to consider the speedy trial footnote, and so do we. If we felt a need to exercise discretion on the footnote issue in order to consider it, we would do so.

24

argument properly raised because it used a more demanding standard for preserving an issue than the state court.

Because we conclude that trial counsel did, in fact, raise the argument of petitioner's constitutional right to a speedy trial in the trial court, he cannot be deemed to have been ineffective for failing to do so. Consequently, Nguyen is not entitled to the grant of a writ of habeas corpus.

## V. CONCLUSION

For the foregoing reasons, we will affirm the District Court's order of November 19, 2015, denying Nguyen's petition for a writ of habeas corpus.

Hai Kim Nguyen v. Attorney General et al.

No. 15-3902

_____

AMBRO, <u>Circuit Judge</u>, concurring

I join fully Judge Greenberg's excellent opinion but write separately to emphasize the importance of the trial judge's rejection of Nguyen's Sixth Amendment speedy trial defense. As Judge Greenberg notes, Nguyen's counsel included in a brief an extensive footnote that argued each of the factors in the Supreme Court's seminal speedy trial case, *Barker v. Wingo*, 407 U.S. 514 (1972). Equally crucial, though, is the judge's reaction to the briefing. Specifically, he concluded during oral arguments that the delay did not "run afoul of . . . the standards set forth in *Barker versus Wingo*." In my view, this both reinforces the conclusion that Nguyen cannot clear the first hurdle of *Strickland v. Washington*, 466 U.S. 668 (1984), and shows why he also fails the second one.

As Judge Greenberg explains, Nguyen's first obligation under *Strickland* is to show that his counsel's performance was constitutionally deficient. *Strickland*, 466 U.S. at 687. He argues that he can satisfy this requirement because counsel included the Sixth Amendment defense in a footnote rather than the main body of the brief. My colleagues correctly reject this argument under the highly deferential lens that we must apply when looking at *Strickland* claims governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (noting that both *Strickland* and AEDPA require deference and that when a claim is subject to both the review is "doubly deferential"). This deference makes it difficult to conclude, in the absence of contrary state-court case law, that a New Jersey trial judge could not

have considered a nine-paragraph footnote that fully argued the relevant factors.

If there were any doubt about this determination, the judge's rejection of the Sixth Amendment defense eliminates it. This is not a case where there is merely no reason to think the judge was barred from reaching the argument. Rather, we know that he did decide it. This suggests that, contrary to Nguyen's assertions, the argument was properly before the judge. The combination of these two factors—the lack of case law preventing the judge from reaching the issue and the evidence that he actually decided it—is fatal under our deferential review.

The judge's rejection of the argument also shows why, even if Nguyen's counsel had been deficient, there was no prejudice. Prejudice requires that it be "reasonably likely the result would have been different" if counsel had been effective. *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (internal quotation marks omitted). In our case, there is no need to guess what the outcome would have been if counsel had included the speedy trial argument in the main body of the brief rather than the footnote. That is because we know, based on the judge's comments during arguments, that he did not think the delay violated the Sixth Amendment.

Under other circumstances, Nguyen perhaps could have shown prejudice by establishing a reasonable likelihood that an appeal would have resulted in a reversal of the judge's decision. *See Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 64 (3d Cir. 1989). Here, however, Nguyen pled guilty after the judge rejected the Sixth Amendment argument. He reserved in his plea the ability to argue on appeal that the Interstate Agreement on Detainers ("IAD"), N.J. Stat. Ann. § 2A:159A-1 *et seq.*, barred his prosecution, but he did not leave open the option to present the appellate court with a

2

Sixth Amendment speedy trial defense.[1] We have held that a guilty plea that does not reserve the right to make a speedy trial argument waives that issue for appellate purposes. *Washington v. Sobina*, 475 F.3d 162, 166 (3d Cir. 2007). Nguyen was therefore not entitled to (nor did he) ask the appellate court to review the Sixth Amendment issue. *Id.*

The District Court overlooked our decision in *Washington* and concluded that Nguyen's guilty plea did not waive the defense. *Nguyen v. Hoffman*, Civ. Action No. 13-6845, 2015 WL 7306425, at *10 (D.N.J. Nov. 19, 2015). In light of our binding precedent to the contrary, this was incorrect. Because Nguyen cannot show that the outcome might have been different at the trial level or that he could have secured a reversal on appeal, he cannot demonstrate prejudice. As a result, even if he could meet *Strickland*'s first requirement, the District Court's judgment should still be affirmed.

---

[1] Nguyen did reserve, in addition to the ability to contest the trial judge's resolution of the IAD issue, the right to appeal "all his pretrial motions." However, he has conceded that this did not include the right to present a Sixth Amendment argument. *See* Opening Br. at 12 & n.4; Reply Br. at 5–6.

3