**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0343-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HAI KIM NGUYEN, a/k/a
HAI HUYN, NAU V. HUYN,
MINN NGO, HAU H. NGUYEN,
DUC TRAN, NGUYEN
VINCENT, VINCENT NGUYEN,
and HAI UYEN,

     Defendant-Appellant.

_____

Argued October 6, 2020 – Decided October 20, 2020

Before Judges Yannotti, Mawla, and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 02-04-0248.

John Vincent Saykanic argued the cause for appellant.

Paul H. Heinzel, Assistant Prosecutor, argued the cause for respondent (Michael H. Robertson, Somerset

County Prosecutor, attorney; Paul H. Heinzel, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on August 30, 2018, which denied his motion to correct what he claims is an illegal sentence. Defendant contends he was not awarded jail credits to which he was entitled. We disagree and affirm.

## I.

On March 24, 2002, defendant and Tuan Thieu were guests at a wedding reception in Green Brook. State v. Nguyen, 419 N.J. Super. 413, 417-18 (App. Div.), certif. denied, 208 N.J. 339 (2011). Defendant and Thieu argued and defendant shot Thieu eight times. Id. at 418. He also shot at a bystander, but missed and fled the scene. Ibid. The police arrived shortly thereafter. Ibid. Witnesses identified defendant as the shooter and provided the police with his Brooklyn address. Ibid.

The following day, detectives from the Somerset County Prosecutor's Office (SCPO), accompanied by officers from the New York City Police Department (NYPD), went to the Brooklyn address. Ibid. When the officers knocked on the door, defendant refused to come out. Ibid. Defendant was in the apartment with his two-year-old son. Ibid. After about four hours of

2

negotiations, defendant agreed to end the standoff. Ibid. That evening, the New York authorities arrested defendant. Ibid.

On April 24, 2002, a Somerset County grand jury returned a four-count indictment charging defendant with murder and other offenses. Id. at 419. On August 20, 2003, the Governors of New Jersey and New York entered into an agreement for defendant's extradition to New Jersey, and in November 2003, defendant was brought to New Jersey and detained pretrial. Ibid.[1]

On September 23, 2009, defendant pled guilty to aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1) or (2). The trial court sentenced defendant on December 11, 2009, in accordance with the plea agreement, to an aggregate term of twenty years of incarceration, with a seventeen-year period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court ordered that the sentence would be served concurrent with defendant's New York sentence.

---

[1] In our opinion, we stated that defendant was extradited to New Jersey on November 17, 2003. Ibid. In their briefs on this appeal, the parties state that defendant was extradited on November 7, 2003. We will assume that is the date defendant was brought to New Jersey.

3

In the plea agreement, defendant had reserved the right to seek jail credits. At sentencing, defendant sought the award of jail credits from November 7, 2003 to December 11, 2009, the time he was incarcerated in New Jersey before sentencing on the New Jersey charges. The trial court denied the application. On direct appeal, defendant challenged the denial of the jail credits, but we affirmed. Nguyen, 419 N.J. Super. at 431.

Over the next few years, defendant raised the same issue regarding jail credits in the context of a claim of ineffective assistance of counsel. He raised the issue in a petition for post-conviction relief (PCR), State v. Nguyen, No. A-5303-11 (App. Div. Feb. 13, 2013) (slip op. at 8-9), certif. denied, 215 N.J. 486 (2013), and then in a federal petition for habeas corpus, Nguyen v. Attorney General of N.J., 832 F.3d 455, 462-63, 467, cert. denied, ___ U.S. ___, 137 S. Ct. 2097 (2017). Defendant's claims were rejected.

In May 2017, defendant filed a second petition for PCR seeking the same relief but abandoned the petition, apparently because he was not assigned counsel. In June 2018, after he retained private counsel, defendant filed a notice of motion to correct an illegal sentence.

A-0343-18T1

Defendant again argued he had not been awarded jail credits to which he was entitled. After hearing oral argument, Judge Kevin M. Shanahan filed an opinion and order dated August 30, 2018, denying the motion.

This appeal followed. On appeal, defendant raises the following arguments.

> POINT I
> DEFENDANT HAI KIM NGUYEN SHOULD BE GIVEN CREDIT FOR HIS PRETRIAL INCARCERATION IN NEW JERSEY ON THE NEW JERSEY CHARGES FROM NOVEMBER 7, 2003 (THE DATE OF HIS NEW JERSEY INCARCERATION), TO HIS SENTENCING ON DECEMBER 11, 2009, PURSUANT TO [RULE] 3:21-8 AS HIS SENTENCE IS ILLEGAL UNDER [RULE] 3:21-10(b)(5) AND [RULE] 3:22-2(c) AND VIOLATES THE EIGHTH AMENDMENT CRUEL AND UNUSUAL PUNISHMENT CLAUSE AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, AND THE NEW JERSEY CONSTITUTION'S CRUEL AND UNUSUAL PUNISHMENT CLAUSE (N.J. CONST. ARTICLE I, PARAGRAPH 12).
>
> POINT II
> DEFENDANT NGUYEN SHOULD, AT THE VERY LEAST, BE GIVEN CREDIT FROM MAY 12, 2006 (THE END DATE OF HIS NEW YORK SENTENCE) TO HIS NEW JERSEY SENTENCING DATE OF DECEMBER 11, 2009.

A-0343-18T1

POINT III
DEFENDANT NGUYEN, AT THE VERY LEAST, MUST BE AWARDED JAIL CREDITS FROM THE DATE OF HIS ARREST (MARCH 25, 2002) TO IMPOSITON OF HIS NEW YORK SENTENCE (MAY 14, 2003).

POINT IV
[STATE v. JOE, 228 N.J. 125 (2017)] CREATES A NEW RULE OF LAW AND SHOULD NOT BE APPLIED RETROACTIVELY.

POINT V
FUNDAMENTAL FAIRNESS REQUIRES THAT DEFENDANT NGUYEN BE AWARDED ALL JAIL CREDITS FROM NOVEMBER 7, 2003, UP TO HIS SENTENCING ON DECEMBER 11, 2009.

POINT VI
THE PRIMARY CUSTODY DOCTRINE MANDATES THAT THE DEFENDANT NGUYEN SHOULD RECEIVE JAIL CREDITS FROM THE TIME OF HIS ARREST (MARCH 25, 2002) THROUGH HIS SENTENCING ON DECEMBER 11, 2009.

II.

We first consider defendant's contention that he should be given jail credit for his pretrial incarceration in New Jersey from November 7, 2003, until December 11, 2009. He contends such credits were required by Rule 3:21-8. He argues that without such credits, his sentence is illegal and amounts to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article 1, paragraph 12, of the New Jersey Constitution.

6

Our court rules provide that a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." R. 3:21-8(a). When the rule applies, the award of credits is mandatory and results in a day-for-day reduction applied to the front end of a defendant's custodial sentence. State v. Hernandez, 208 N.J. 24, 37 (2011). The credits serve important policy goals of equal protection and fundamental fairness by "preventing the 'double punishment' of indigent defendants who cannot afford bail." State v. Joe, 228 N.J. 125, 131 (2017) (quoting State v. Rawls, 219 N.J. 185, 193 (2014)).

At the time defendant was sentenced, our courts had construed the Rule to "require credit only for 'such confinement as is attributable to the arrest or other detention resulting from the particular offense.'" State v. Black, 153 N.J. 438, 456 (1998) (quoting State v. Allen, 155 N.J. Super. 582, 585 (App. Div. 1978)). Moreover, our courts generally held a "negative view" of "giving an inmate jail credit against more than one sentence." Id. at 456-57. Consequently, "if a defendant [had been] detained pre-sentence for multiple offenses, he or she would only be entitled to jail credit toward one of [the sentences], namely, the offense to which his or her incarceration was 'directly attributable.'" Rawls, 219 N.J. at 193-94.

In State v. Council, we held the defendant was not entitled to jail credit for the time spent confined in a federal prison in Indiana subject to a New Jersey detainer because there was no indication the detainer "in any way lengthened his stay in that institution." 137 N.J. Super. 306, 309 (App. Div. 1975). We also held the defendant was not entitled to any credit for the time he spent in the Salem County jail after his temporary transfer to stand trial for his New Jersey offenses, because he continued to serve his federal sentence during that incarceration. Ibid.

The Court reached the same result in State v. Carreker, 172 N.J. 100 (2002). There, the defendant sought gap time rather than jail credits. Id. at 111. The Court noted, however, that the defendant would not have been entitled to any jail credits for her temporary incarceration in Somerset County while awaiting disposition of her New Jersey charge, because she was already serving a New York sentence. Id. at 115.

Against that backdrop, defense counsel acknowledged at sentencing that defendant was not legally entitled to jail credits pursuant to Rule 3:21-8, but argued the court should grant them for the duration of his New Jersey confinement on equitable grounds, in view of the delay in disposition of the charges. As noted previously, the court declined to award any credits, noting

A-0343-18T1

that defendant had been arrested in New York and charged with New York offenses, was prosecuted there, and continued to serve the resulting sentence while he was incarcerated here awaiting disposition of the charges.

The trial court determined that no jail credits were due because defendant's incarceration in New Jersey was not attributable to the offenses for which he was being sentenced and there was no evidence the confinement here had any impact on the length of his New York incarceration. The court added that awarding defendant credit in New Jersey would amount to double counting. On direct appeal, we held that defendant's contention that he had been wrongly denied jail credit was clearly without merit. Nguyen, 419 N.J. Super. at 431.

While defendant's petition for certification from our judgment was pending, the Supreme Court issued its decision in Hernandez, 208 N.J. at 28, where it adopted a new standard for awarding jail credits to defendants subject to sentencing on multiple indictments. Hernandez required the award of credits against all sentences for the time the defendant spent in custody between arrest and imposition of the first sentence, irrespective of the offense to which that custody was directly attributable. Id. at 28, 47.

Even so, the Court distinguished Council, 137 N.J. Super. at 307-08, because Council dealt with time spent in federal, rather than New Jersey,

9

custody. Hernandez, 208 N.J. at 49 n.22. Moreover, the Court distinguished and reaffirmed Carreker, 172 N.J. at 111, noting that jail credits had been appropriately denied there to a defendant who was already serving another custodial sentence for the period for which credit was sought. Hernandez, 208 N.J. at 44-45 & 47 n.18.

Thereafter, the Court held that Hernandez did not abrogate any authority dealing with jail credit for out-of-state custody on out-of-state charges, notwithstanding its abandonment in Hernandez of the attribution requirement for defendants subject to sentencing on multiple New Jersey indictments. Joe, 228 N.J. at 135-38. Consequently, the rule remains that, "if a defendant is incarcerated out of state and the confinement is not due solely to New Jersey charges, jail credit does not apply." Id. at 135 (emphasis added).

Here, Judge Shanahan rejected defendant's claim for the period covering his New Jersey confinement prior to sentencing. The judge noted defendant had challenged the denial of those credits on direct appeal and on a PCR, and this court had rejected his arguments on the issue twice. The judge found defendant's claim had been conclusively rejected.

On appeal, defendant argues that, because his New Jersey offenses were the initial impetus for seeking his arrest, his entire custody should be deemed

directly attributable to those offenses.  He therefore argues he should have been awarded jail credit even under the legal framework that existed at the time of his initial sentencing.

Defendant further argues he should have been given the benefit of pipeline retroactive application of Hernandez, 208 N.J. at 28, which dispensed with the attribution requirement.  He acknowledges that Joe, 228 N.J. at 135-38, limited the reach of Hernandez, but he contends Joe is distinguishable and, in any event, established a new rule of law which should not be applied retroactively.

We are unpersuaded.  Although the Somerset County detectives pursued defendant in New York as a result of the offenses he committed in this State, he was arrested in New York because he committed offenses in that State.  Thus, defendant's resulting confinement in New York was not lengthened by any action by New Jersey's law enforcement officers.

An analogous situation was presented in Council, 137 N.J. Super. at 309. There, jail credit was denied to a defendant both for his prior federal custody on unrelated charges and for the New Jersey custody during which his federal sentence continued to run.  Ibid.  Under Council, defendant was not entitled to credit.

A-0343-18T1

Moreover, while the Court in <u>Hernandez</u> dispensed with the attribution requirement, it explicitly distinguished or noted its continued adherence to the precedent on which the Law Division and this court relied in rejecting his repeated requests for the same credits. 208 N.J. at 42-45, 44 n.16, & 49 n.22. In addition, <u>Joe</u> does not constitute a new rule of law, as defendant asserts, but a clarification of that existing framework, pursuant to which he is not entitled to the jail credit he seeks. 228 N.J. at 135-38.

We again conclude defendant was not entitled to jail credit for the period from November 7, 2003, to December 11, 2009. Such credit was not warranted under the legal framework in effect when defendant was sentenced, and it was not warranted under <u>Hernandez</u>.

### III.

Next, defendant argues that, at the very least, he should be awarded jail credit for the period from May 12, 2006, until December 11, 2009, when he was sentenced in New Jersey. Defendant contends his minimum mandatory term of incarceration in New York ended on May 12, 2006, and he lost the opportunity for parole at that time because he was incarcerated in New Jersey awaiting disposition of the New Jersey charges.

A-0343-18T1

Defendant asserts that the New York Department of Corrections has issued a directive stating that an inmate "serving a sentence with a minimum of not more than eight years who has been issued a Certificate of Earned Eligibility [CEE] shall be granted parole release at the expiration of the minimum term." Defendant contends he was not paroled in New York on May 12, 2006, solely due to the delay in commencing his New Jersey trial. He notes he was returned to New York in 2010 and the New York authorities issued a CEE on March 4, 2015, after he completed certain required programs.

Defendant therefore argues that he is entitled to jail credit from May 12, 2006, until December 11, 2009, when he was sentenced on the New Jersey charges. Judge Shanahan rejected the contention that defendant should be deemed to have completed his New York sentence on May 12, 2006. The judge noted that defendant was still serving his New York sentence on that date.

The judge refused to speculate on whether the New York authorities would have issued a CEE on May 12, 2006, as defendant claimed. The judge noted that in March, April, and May 2010, defendant had been given "[n]on-certifiable status," but this was neither a positive nor negative recommendation for parole.

A-0343-18T1

The judge observed that in June 2010, defendant's status remained "[n]on-certifiable" because he had "insufficient time in programs for evaluation." The judge pointed out that in March 2015, defendant obtained the CEE, but "[t]he fact that defendant successfully received the certificate in 2015 [was] insufficient to show that defendant would have done so in 2006." The judge found there was nothing in the record to show that defendant would have received the CEE on May 12, 2006, had he been incarcerated in New York, rather than New Jersey.

Defendant argues he demonstrated he was performing satisfactorily in the programs when he returned to New York. He asserts that on return to New York after disposition of the New Jersey charges, he completed his mandatory programs. According to defendant, this shows he would have earned the CEE "sooner if given the opportunity." He contends this would have guaranteed parole on May 12, 2006.

We are not persuaded by defendant's arguments. Here, Judge Shanahan correctly found there was insufficient evidence to support the conclusion that defendant would have been paroled in New York on May 12, 2006, had he not been incarcerated in New Jersey. There is no evidence that defendant was likely to have served any less time in New York absent his extradition to New Jersey.

14

Indeed, there is no evidence defendant had made any progress in earning a CEE before his extradition, or that accomplishment was reasonably likely. Although defendant eventually earned a CEE in March 2015, there was no basis for concluding the New York authorities would have granted an earlier release.

IV.

Defendant also argues that, at a minimum, he is entitled to jail credit from the date of his arrest in New York on March 25, 2002, to his New York sentencing date, May 14, 2003. Judge Shanahan correctly noted that defendant was not entitled to jail credit for time served in New York because his incarceration was not due solely to a New Jersey charge. Joe, 228 N.J. at 135.

Defendant argues, however, that his arrest in New York was the result of the ongoing investigation and pursuit by the SCPO detectives. We disagree.

As stated previously, the Somerset County detectives pursued defendant into New York, but defendant's arrest and incarceration in New York also was attributable to the offenses he committed in that State. Therefore, the judge correctly found that defendant was not entitled to jail credit for his incarceration in New York from March 25, 2002, and May 14, 2003.

V.

Defendant further argues the primary custody doctrine requires that he be awarded jail credits from the date of his arrest in New York on March 25, 2002, to December 11, 2009, when he was sentenced in New Jersey.

The primary custody doctrine is a principle of comity intended to provide an orderly method for prosecution of a criminal defendant who has violated the laws of multiple sovereigns. Ponzi v. Fessenden, 258 U.S. 254, 259-61 (1922). The general rule is that "the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another . . . ." Taccetta v. Fed. Bureau of Prisons, 606 Fed. App'x 661, 663 (3d Cir. 2015) (emphasis added).

The sovereign with primary custody has the discretion to waive custody in favor of another sovereign, United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980), but must do so expressly. Taccetta, 606 F. App'x at 664. Generally, a sovereign only relinquishes custody when the defendant is released on bail, the charges are dismissed, the defendant completes serving the sentence, or the defendant is released on parole. Davis v. Sniezek, 403 Fed. App'x 738, 740 (3d Cir. 2010).

16

On appeal, defendant argues that New Jersey, rather than New York, had primary custody with regard to the prosecution of defendant's charges. In support of this argument, defendant cites certain New York corrections records, which identify his original arrest charge as "murder." He contends these records establish the New Jersey homicide was the sole charge that led to the New York arrest.

Defendant asserts that New Jersey never expressly relinquished its primary custody of him and therefore New Jersey had the prerogative to have its sentence served first. He therefore argues his sentence should be deemed to have begun from his arrest, which requires an award of jail credits to effect that result.

These arguments are patently without merit. The records upon which defendant relies indicate that he was arrested in New York for offenses committed in that jurisdiction. Defendant was arrested first in New York by New York authorities at a time when he was already subject to liability for crimes committed there. He was then held, prosecuted, and sentenced in New York.

Furthermore, defendant was temporarily transferred to New Jersey pursuant to an extradition agreement for disposition of his New Jersey charges.

A-0343-18T1

After he was sentenced here, he was returned to New York for completion of his New York sentence. Therefore, the record does not support defendant's contention that New Jersey had primary custody.

We have considered defendant's other arguments, including his contention that he should have been awarded jail credit as a matter of fundamental fairness and on equitable grounds. The arguments lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0343-18T1